11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Ecrandal
Walker

Appellant

Vs.                   Nos.
11-03-00149-CR & 11-03-00150-CR -- Appeals from Dallas County

State
of Texas 

Appellee

 

The jury convicted Ecrandal Walker of the first
degree felony offense of unlawful possession with intent to deliver cocaine.[1]  The trial court assessed punishment at 25
years confinement and sentenced appellant accordingly.  During the punishment phase of the trial, the
trial court also considered a motion to revoke appellant=s
community supervision for a prior state jail felony conviction for burglary of
a building.[2]  The trial court revoked appellant=s community supervision, sentenced
appellant to 2 years confinement, and assessed a $1,500 fine.  Appellant appeals the revocation in Cause No.
11-03-00150-CR.  Appellant appeals the
conviction for unlawful possession with intent to deliver cocaine in Cause No.
11-03-00149-CR.  We affirm the judgment
in both causes.  

                                                                  Issues
Presented








Appellant presents one point of error in Cause No.
11-03-00149-CR and presents two points of error in Cause No.
11-03-00150-CR.  In his first point in
Cause No. 11-03-00150-CR, he argues that the trial court erred in admitting
portions of the expert testimony of Dallas Police Department Detective Anthony
Gipson.  In his sole point in Cause No.
11-03-00149-CR and his second point in Cause No. 11-03-00150-CR, appellant
complains that the trial court erred in permitting the prosecutor to ask
improper questions during the punishment phase of the trial about an alleged
murder conviction.  

                                                        Detective
Gipson=s
Testimony

Before Detective Gipson testified, the State
presented evidence that appellant possessed 70.6 grams of cocaine, including
adulterants and dilutants.  The State
offered Detective Gipson=s
expert testimony on the issue of appellant=s
intent to deliver the cocaine.  Detective
Gipson testified based on his training and experience as a narcotics
officer.  He said that he had been a
detective with the narcotics division of the Dallas Police Department for
almost 15 years.  He said that the
narcotics division investigated drug trafficking in and around Dallas
County.  He said that he worked with
confidential informants, made undercover drug buys, conducted surveillance of
suspected drug traffickers and drug trafficking locations, and obtained and
executed narcotics search warrants.

Detective Gipson testified that, in his opinion,
individuals do not possess 70.6 grams of cocaine for their own personal use;
rather, individuals possessing that much cocaine intend to sell the
cocaine.  He said that an individual use
of either crack cocaine or powder cocaine is about one- tenth of a gram and
sells for $10.  He said that there are
more than 700 individual uses of cocaine in 70.6 grams of cocaine and that the
street value of such an amount is over $7,000. 
Detective Gipson also testified that the cocaine in question was meant
to be resold either in bulk or in much smaller quantities.

                                            Admissibility
of Detective Gipson=s
Testimony

In a possession-with-intent-to-deliver case, the
State may prove the Aintent
to deliver@ element
by circumstantial evidence, such as the quantity of the drugs possessed, the
manner of packaging, and the presence of the accused in a drug house.  Taylor v. State, 106 S.W.3d 827, 831
(Tex.App. - Dallas 2003, no pet=n);
Smith v. State, 737 S.W.2d 933, 941 (Tex.App. - Dallas 1987, pet=n ref=d).  The intent to deliver is a question of fact
for the jury to resolve; and it may be inferred from the acts, words, or
conduct of the accused.  Taylor v.
State, supra.








Appellant argues that the trial court erred in
admitting Detective Gipson=s
testimony (1) that appellant had too much cocaine for personal use and (2) that
the cocaine would either be sold in a drug house or on the street for varying
amounts of profit.  We review a trial
court=s
decision on whether to admit or exclude evidence under an abuse of discretion
standard.  Burden v. State, 55
S.W.3d 608, 615 (Tex.Cr.App.2001); Green v. State, 934 S.W.2d 92, 101-02
(Tex.Cr.App.1996), cert. den=d,
520 U.S. 1200 (1997).  To be admissible,
expert testimony must assist the trier of fact. 
TEX.R.EVID. 702; Duckett v. State, 797 S.W.2d 906, 914
(Tex.Cr.App.1990).  The expert testimony
must reflect information that is outside the general knowledge of lay
persons.  Schutz v. State, 957
S.W.2d 52, 70 (Tex.Cr.App. 1997).  Expert
testimony assists the trier of fact when the jury is not qualified to Athe best possible degree@ to determine intelligently the
particular issue without the help of the testimony; however, the expert
testimony must aid, not supplant, the jury=s
decision.  Schutz v. State, supra
at 59; Duckett v. State, supra at 914.

Taylor v. State, supra, also involved
expert testimony by Detective Gipson.  In
Taylor, Detective Gipson testified as an expert witness based on his
training and experience as a narcotics officer with the manufacture, packaging,
possession, and sale of crack cocaine. 
He provided expert opinion testimony on the issue of the intent to
deliver cocaine.  The court held that AGipson=s
testimony was properly admitted to assist the jury in determining the issue of
intent because of his superior knowledge of the circumstances and nuances of
illegal narcotics packing and sales.@  Taylor v. State, supra at 833.

Detective Gipson=s
testimony in this case is similar to his testimony in Taylor.  He based his testimony in this case on his
training and experience as a narcotics officer. 
We find that his testimony was properly admitted to assist the jury in
determining the issue of appellant=s
intent to deliver the cocaine.  Taylor
v. State, supra.

Appellant=s
first point in Cause No. 11-03-00150-CR is overruled.

                                         Prosecutor=s Questions During Punishment Phase

Appellant contends that the trial court erred in
permitting the prosecutor to ask improper questions during the punishment phase
of the trial about an alleged murder conviction in California.  Appellant asserts that the questions were
improper because the State failed to introduce any evidence, such as
penitentiary packets, to prove the murder conviction.  Thus, appellant contends that the trial court
permitted the State to inject evidence of an unproven murder conviction.








Appellant did not object to the prosecutor=s questions at trial.  To preserve error for review, the complaining
party must make a specific objection and obtain a ruling on that
objection.  Wilson v. State, 71
S.W.3d 346, 349 (Tex.Cr.App.2002).  By
failing to object, appellant waived his complaint about the prosecutor=s questions.  Appellant=s
sole point in Cause No. 11-03-00149-CR and second point in Cause No.
11-03-00150-CR are overruled.

                                                                This
Court=s Ruling

The judgments of the trial court are
affirmed.     

    

PER CURIAM

 

November 18, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











    
[1]Cause No. 11-03-00150-CR.





    
[2]Cause No. 11-03-00149-CR.