NO. 07-06-0349-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 15, 2007
_____

ALEX M. FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409540; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Alex M. Flores, was convicted by a jury of the offense of possession of a controlled substance, cocaine, in an amount over four grams but less than 200 grams. Appellant pled true to the enhancement paragraph of the indictment and the jury sentenced him to 30 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Through two issues, appellant contends that the evidence was legally insufficient to show his possession of a portion of the cocaine and that the amount he possessed was more than four grams as alleged. We affirm.

## Factual Background

On June 2, 2005, Lubbock Police Officer Scott Childers was on patrol in the Depot District of Lubbock. He observed the vehicle being driven by appellant had an expired registration sticker. Upon stopping the vehicle, Officer Childers further observed that the inspection sticker and registration sticker were for different vehicles. The steering column on the car had been "punched," meaning that the car did not require a key to start it. All of these facts led the officer to suspect that the car had been stolen.

Appellant was the driver of the car with Nathan Lemon in the right front passenger's seat. Upon approaching the driver's side of the vehicle, Officer Childers asked the appellant to step out of the car. As appellant was complying, Lemon started to get out of the car, but the officer advised him to remain seated. Appellant stepped from the car and, at the same time, Lemon bolted from the car and took off running. As this was occurring, appellant tried to pull free from the officer by spinning out of his control. Officer Childers wrestled appellant to the ground and handcuffed him. Officer Childers placed appellant under arrest for resisting arrest. Lemon was later located by a back up unit and arrested.

After securing appellant, the police proceeded to secure the car by performing an inventory of its contents. While conducting the inventory, the police located a bag of white powder in the seat back pocket behind the passenger seat. A field test performed on the powder tested positive for cocaine.

Appellant was taken to the jail where appellant became very uncooperative. As a result, appellant was not immediately processed for booking. Instead appellant was placed

in a holding cell after his personal property had been gathered and inventoried. During the inventory of appellant's personal property, a small bag containing a white powder was discovered.

Both the large bag and the small bag were submitted to the Department of Public Safety Regional Crime Laboratory for analysis. At trial, the DPS forensic scientist testified that both bags tested presumptively positive for cocaine and a sample from the larger bag was found, after specific testing, to be cocaine. Total weight of both bags, without the container, was 8.04 grams.

After the jury convicted appellant of possession of cocaine in an amount over four grams but less than 200 grams and sentenced appellant to 30 years confinement, appellant gave notice of appeal. By his appeal, appellant puts forth two issues. First, appellant alleges that the evidence was legally insufficient to establish that he possessed the cocaine found in the seat back pocket behind the passenger's seat. Second, appellant contends that the evidence was legally insufficient to prove that he possessed over four grams of cocaine. We disagree.

Standard of Review

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an

3

appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). Legal sufficiency is measured against a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). See also Gollihar v. State, 46 S.W.3d 243, 255-56 (Tex.Crim.App. 2001).

To convict a citizen of possession of a controlled substance, the State must prove that the accused 1) exercised actual care, custody, control, or management over the substance; and 2) knew the matter possessed was contraband. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon Supp. 2006); Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005). Further, the evidence must establish that the accused's connection with the contraband was more than fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). When, as in the case before the court, the accused is not in exclusive possession of the place where contraband is found, additional independent facts and circumstances must be shown that link the appellant to the contraband. Poindexter, 153 S.W.3d at 406. These independent facts, commonly referred to as "affirmative links," that connect the accused to the contraband may be established by direct or circumstantial evidence. Id. at 405-06.

A number of different types of "links" have been identified by the appellate courts in the State of Texas. They may include, but are not limited to: 1) the defendant's presence when the drugs were found; 2) whether the drugs were in plain view; 3) the defendant's proximity to and the accessibility of the drugs; 4) whether the defendant was

4

under the influence of drugs when arrested; 5) whether the defendant possessed other drugs or drug paraphernalia when arrested; 6) whether the defendant made incriminating statements when arrested; 7) whether the defendant attempted to flee; 8) whether the defendant made furtive gestures; 9) whether there was an odor of drugs; 10) whether the defendant owned or had the right to possess the place where the drugs were found; 11) whether the place the drugs were found was enclosed; 12) the amount of drugs found; 13) whether the defendant possessed weapons; and 14) whether appellant possessed a large amount of cash. Taylor v. State, 106 S.W.3d 827, 831 (Tex.App.–Dallas 2003, no pet.). However, it is the logical force of these links and not the number of links which determine whether the State's evidence links the defendant to the contraband. Id.

## Analysis

Appellant contends that the evidence was legally insufficient to establish that he possessed the larger bag of drugs found in the seat back pocket of the passenger's seat. On the evening in question appellant was found to be driving a vehicle in which the drugs were contained. Being the driver, appellant was in sole control of the vehicle. As such, he could be said to be in immediate possession of the place where the drugs were found. The drugs were found behind the passenger's seat in the seat back pocket. The seat back pocket behind the passenger's seat was within the reach of both appellant and the passenger. The jury could well conclude that it was actually easier for the appellant to reach the pocket where the drugs were found. The drugs found in the seat back pocket were a white powder. Appellant was found to have another bag of white powder drugs on his person. The record does not reflect that the passenger was found to be in possession

5

of additional drugs. The passenger attempted to flee when the police stopped the vehicle. When the passenger fled, the appellant attempted to escape from the grasp of the arresting officer, which led to his arrest for resisting arrest. Both bags tested presumptively positive for cocaine. The larger bag tested qualitatively positive as cocaine.

When all of the facts are taken together, we cannot say that the jury made an irrational decision in finding appellant guilty of possession of cocaine. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. Appellant argues that there were a number of other links that did not tie appellant to the cocaine. That argument has little persuasion, for as stated above, it is not the number of links that is determinative of the sufficiency of the State's proof, but rather the logical force of the links that are demonstrated. Taylor, 106 S.W.3d at 831. In this case, the facts that appellant was driving the vehicle, appellant attempted to escape, the drugs were within appellant's easy reach, and appellant's possession of other drugs contribute significant logical force to link appellant to the drugs and was, therefore, legally sufficient evidence to support the jury's finding that appellant was guilty of possession of cocaine in an amount of four grams or more but less than 200 grams. Accordingly, the appellant's first issue is overruled.

Overruling appellant's first issue renders his second issue becoming moot. The DPS forensic scientist testified that the total weight of the contraband, less its packaging was 8.04 grams, well over the minimum of four grams or more required by the Court's charge.

Conclusion

The judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.