NO. 07-10-00468-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2011

RODNEY BENSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-425,502; HONORABLE JIM BOB DARNELL, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Rodney Benson, was convicted of possession with intent to deliver a controlled substance, cocaine, in an amount of four grams or more but less than 200 grams.[1] Appellant was sentenced to serve a term of confinement of 40 years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant appeals contending that the evidence was insufficient to sustain the trial court's judgment as to possession and intent to deliver. We affirm.

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010).

Factual Background

On October 8, 2010, the Lubbock Police Department Narcotics Unit Officer Brady Lewis obtained a search warrant to search a residence at 3001 East 5th Street, Lubbock, Texas. The warrant was based upon information provided to Lewis by a confidential informant. The confidential informant had advised Lewis that he had been in the residence the day before and observed a large quantity of crack cocaine. According to the confidential informant, the cocaine was possessed by a person whose street name was "Blubber." While obtaining the warrant, Lewis detailed Officer Matt Boggs to begin surveillance on the suspected house. Boggs testified that, during his surveillance, several vehicles drove up to the house and people got out of the vehicles, went inside for a short period of time, and then returned to their vehicle and left. It was Boggs' opinion that this activity was indicative of drug dealing going on inside the house.

The SWAT[2] Team from the LPD assisted in executing the warrant by conducting a forced entry. Upon breaching the door into the residence, Officer Ronnie Roan encountered a female suspect who was ordered to the ground. As Roan went through the kitchen, he observed a male suspect in a bright orange shirt run out of a doorway down the hall toward the other end of the house. Roan proceeded down the hallway and secured appellant, who was wearing a bright orange shirt. Later, after all the people in the residence had been secured, Roan went back and determined that the appellant had run out of the bathroom. Upon raising the toilet lid, Roan found what he

---

[2] Special Weapons and Tactics team.

described as a "cookie" of crack cocaine. After leaving the suspected contraband in the bathroom, Roan notified the narcotics unit personnel what he had found in the toilet.

All of the individuals who had been detained were questioned as to their names and addresses. Appellant provided his address as 3001 East 5th Street. Appellant was then arrested by the officers.

During the search of the residence, a number of items of drug paraphernalia were found in the house. Three sets of digital scales were found. A razor blade with a white residue was located, additionally three different "Pyrex" bowls with white residue in them. A battery-operated hand mixer, a box of baking soda, and a box of saran wrap were all found at various places in the house. Additionally, a crack pipe and a spoon with white residue were also found. Finally, officers found a prescription bottle bearing appellant's name and a photograph of appellant holding United States currency.

Department of Public Safety chemist, Scott Williams testified that the item seized in the bathroom was, in fact, crack cocaine. According to Williams, the cocaine weighed 15.6 grams.

Appellant's brother, Michael Benson, testified that he had picked up appellant at their mother's home at 902 Stanford on the morning of the raid. Michael further testified that appellant had lived at the 3001 East 5th residence but had moved to his mother's home prior to the raid being conducted. During his testimony, he identified "Blubber" as appellant's nickname.

3

In the court's charge, the trial court submitted the indicted offense and the lesser-included offense of possession of a controlled substance of more than four grams but less than 200 grams. The jury returned a guilty verdict on the indicted charge and, subsequently, sentenced appellant to 40 years confinement in the ID-TDCJ. Appellant is appealing the finding of guilt through two issues. Each issue contends that the evidence was insufficient. In his first issue, appellant contends that the evidence was insufficient as to whether appellant knowingly possessed the cocaine. Appellant's second issue contends that the evidence is insufficient as to the intent to deliver a controlled substance. We disagree with appellant's contentions and will affirm.

Standard of Review

As both of appellant's issues deal with the sufficiency of the evidence to sustain the verdict of guilty, the same standard of review applies to each. In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 319; Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). We measure the legal sufficiency of the evidence against a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). Finally, when reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See Brooks v. State, 323 S.W.3d 893, 907 n.26 (Tex.Crim.App. 2010) (discussing Judge Cochran's dissent in Watson v. State, 204

4

S.W.3d 404, 448-50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review).[3]

Analysis

In order to convict appellant of the indicted charge, the State had to prove beyond a reasonable doubt that appellant knowingly possessed with intent to deliver a controlled substance, namely, cocaine, in an amount of four grams or more but less than 200 grams. See Tex. Health & Safety Code Ann. § 481.112(a).[4]

Possession of a Controlled Substance

Appellant's first contention is that the evidence was insufficient to prove the possession element of the indictment. To prove possession of a controlled substance, the State is required to prove the accused (1) exercised actual care, custody, control, or management over the substance and (2) knew the matter he possessed was contraband. See Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005); see also § 481.002(38) (West 2010). The evidence must establish the accused's connection with the controlled substance was more than just fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995).

---

[3] We note that this Court has at times quoted Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988), for the proposition that we had to uphold the verdict of the jury unless it was irrational or unsupported by more than a mere modicum of evidence. We view such a statement, insofar as a modicum of evidence being sufficient evidence, as contrary to a rigorous application of the Jackson standard of review urged by the Court in Brooks.

[4] Further reference to the Texas Health & Safety Code will be by reference to "§ ____."

Courts have found numerous factors useful in determining whether an accused's link to a controlled substance was more than just fortuitous. Links may include, but are not limited to: (1) appellant's presence when the contraband was found; (2) whether the contraband was in plain view; (3) appellant's proximity to and accessibility of the contraband; (4) whether appellant was under the influence of narcotics when arrested; (5) whether appellant possessed other contraband when arrested; (6) whether appellant made incriminating statements when arrested; (7) whether appellant attempted to flee; (8) whether appellant made furtive gestures; (9) whether there was an odor of the contraband present; (10) whether appellant owned or had the right to possess the place where the drugs were found; (11) whether the place the drugs were found was enclosed; (12) the amount of contraband found; (13) whether appellant possessed weapons; and (14) whether appellant possessed a large amount of cash. See Taylor v. State, 106 S.W.3d 827, 831 (Tex.App.—Dallas 2003, no pet.). It is not the number of factors present that is important but the logical force of these factors which determines whether the State's evidence links appellant to the contraband. See Gilbert v. State, 874 S.W.2d 290, 298 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd).

The record in this case reveals that 1) appellant's street name was "Blubber" and that was the name of the individual who purportedly possessed the cocaine at 3001 East 5th Street according to the confidential informant, a link to the address searched; 2) appellant was at the house when the search warrant was executed and the cocaine was discovered, presence at the time of the seizure; 3) appellant was observed fleeing from the bathroom where the cocaine was discovered in the toilet, appellant was close to and had access to where the cocaine was found and he made a furtive gesture by running

6

from the bathroom; 4) the officers testified that appellant gave 3001 East 5th Street as his residence, an incriminating statement and evidence that appellant had a right of access to or possession of the property searched; 5) a prescription bottle with appellant's name on it was retrieved during the search of 3001 East 5th Street, further evidence of appellant's right of access to the property searched; 6) a photograph of appellant and another individual was discovered at 3001 East 5th Street, constituting additional evidence that appellant had a right of access to the property searched; and, 7) the amount of cocaine seized was 15.6 grams, which, according to the testimony at trial, was considered to be a large amount. When viewed collectively, these circumstances prove that appellant's connection with the contraband was more than fortuitous. See Brown, 911 S.W.2d at 747. Inasmuch as the evidence demonstrated appellant's connection with the contraband was more than fortuitous, the trial court acted properly in submitting the case to the jury, and the jury's decision to convict was a rational one. See Brooks, 323 S.W.3d at 907 n.26. Accordingly, we overrule appellant's first issue.

### Intent to Deliver

Appellant's second issue challenges the sufficiency of the evidence to prove the intent to deliver element of the indictment. To "'deliver' means to transfer, actually or constructively, to another a controlled substance." See § 481.002(8).

The "intent to deliver" element may be proved by circumstantial evidence. See Cox v. State, No. 07-05-0338-CR, 2006 Tex. App. LEXIS 8183, at *4 (Tex.App.—Amarillo Sept.15, 2006, pet. ref'd) (mem. op., not designated for publication); Taylor,

7

106 S.W.3d at 831. Such evidence may include 1) the location of the evidence and its visibility, 2) whether the accused owned or exercised control of the premises where the contraband was located, 3) the accessibility and proximity of the drugs to the accused, 4) the presence of drug paraphernalia on or by the accused, 5) the nature of the location at which the accused was arrested, 6) the quantity of contraband involved, 7) the manner of packaging, 8) the accused's possession of large amounts of cash, and 9) the accused's status as a drug user. Cox, 2006 Tex. App. LEXIS 8183, at *4-*5. The question of intent to deliver is a question of fact for the jury to resolve and may be inferred from the acts, words, or conduct of the appellant. Taylor, 106 S.W.3d at 831.

The evidence before the trial court regarding the element of intent to deliver was substantial. First, the amount of cocaine was 15.6 grams. The testimony at trial indicated that a single use amount purchased by an individual would weigh approximately .2 grams. The crack cocaine seized was enough for approximately 78 end user units of crack cocaine. In addition to the amount of cocaine seized, there were three sets of digital scales, three Pyrex mixing bowls with white residue in them, a battery-operated handheld mixer, a box of baking soda, and a box of saran wrap seized. The officers testified that baking soda was usually part of the ingredients used to turn powder cocaine into crack cocaine. The crack "cookie" that was seized was wrapped in saran wrap. The testimony at trial was that saran wrap is often used to package crack cocaine, especially when the sale involves more than an individual use amount.

In addition to the paraphernalia seized, the record contains the statement made by the confidential informant to Officer Lewis that the informant had personally observed

8

a large quantity of crack cocaine at the residence at 3001 East 5th Street. Before executing the search warrant, Officer Boggs had been detailed to conduct surveillance on the house in question. Boggs testified that, during the time he was watching the house, several vehicles came to the residence and the occupants got out, went inside for a brief period of time, and then left. In the officer's opinion, this was indicative of drug trafficking.

Appellant contends that, because he was not found to be in possession of a large quantity of cash, the State failed to introduce sufficient evidence. However, possession of a large amount of cash is but one factor for the jury to use in determining whether the intent to deliver element has been proved. The list of factors to consider is not exhaustive, nor is any one factor conclusive. See Cox, 2006 Tex. App. 8183, at *4–5.

When all of these circumstances are taken together, in the light most favorable to the verdict, the trial court's action in submitting the case to the jury and the jury's action in finding appellant guilty beyond a reasonable doubt are rational decisions. See Brooks, 323 S.W.3d at 907 n.26. Accordingly, appellant's second issue is overruled.

Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.


Mackey K. Hancock
Justice

Do not publish.

9