

# NUMBER 13-10-472-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DONNIE SHIDAKER,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 148th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion by Justice Vela

Appellant was indicted for the offense of possession of methamphetamine, a state

jail felony.   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010).   On June 21,

2010, he was found guilty by a jury and was sentenced to two years in a state jail.   The

sentence was suspended, and appellant was placed on community supervision for a

period of two years.   On appeal, appellant challenges the sufficiency of the evidence.

We affirm.

## I.  BACKGROUND

On the evening of July 2, 2009, appellant was the front-seat passenger in a pick-up truck driven by Michelle Walters.  Corpus Christi police officer, Joshua Swain, testified that he was patrolling the Flour Bluff area that evening with his partner, Officer Ross Murray.  Officer Swain testified that he stopped the vehicle driven by Walters because it stopped beyond the stop sign at Lyre Bird and Quetzal Streets.  According to Swain, appellant was a passenger in the vehicle.  Swain stated that both he and his partner exited the patrol vehicle.  Swain approached the driver's side of the vehicle, and Murray approached the passenger side.  Swain noticed that as they were pulling over the driver "kind of leaned down a bit," and as they got closer to the vehicle both occupants were leaning down toward the center of the vehicle.  Walters was unlicensed and had no insurance.  Swain stated that appellant identified himself as Donny Shidaker.  Appellant was also unlicensed.  Swain asked them to step out of the car and secured them in the police car.  The officers returned to the stopped vehicle that appellant had been riding in, looked into the car, and saw a clear plastic baggy on the "transmission hump."  The baggy was in plain view.  According to Swain, the drugs were within "arm's reach" of where appellant was seated.  Swain said that both occupants had "their hands down there in that general little area right there."  Both appellant and Walters were arrested for possession of methamphetamine.  Swain said no fingerprints were taken from the baggie because of the difficulty in recovering them from a wrinkled plastic bag.  Appellant and Walters were arrested, taken to jail, and the vehicle was impounded because there

2

was not a licensed driver to operate it.

On cross-examination, Swain agreed that the drugs were accessible to both occupants and that he did not see either of them with the drugs in their hands. A pat-down search did not reveal the existence of additional drugs. There was no video of the traffic stop. Swain agreed that it is less probable that a passenger would know everything that is in a vehicle.

Ross Murray, Swain's partner, testified that as he approached the vehicle, both occupants "were digging down on the floorboard. For us, that's a furtive movement. It can be an issue of danger for us, so I stepped up the pace to get to the vehicle to see what was going on." Murray stated that the drugs were found within arm's distance of appellant. On cross-examination, Murray stated that he did not see exactly where appellant's hands were when he approached the vehicle.

Walters testified that on the day of the arrest both she and her boyfriend, Robert Chapman, had driven the vehicle. Walters denied that she had drugs in the vehicle, but testified that she pleaded guilty to the offense because she had three children and did not want to remain in jail pending a trial. She did not see any drugs in the vehicle earlier in the day when she was driving the vehicle.

Chapman, who was the registered owner of the vehicle, testified that he had driven the vehicle to work that morning and that there were no drugs in the truck. He and Walters were the only ones who drove the truck.

## II. Standard of Review and Applicable Law

When reviewing the legal sufficiency of the evidence, we examine the evidence in

3

the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010). We therefore determine whether any rational trier of fact could have found the essential elements of possession of methamphetamine beyond a reasonable doubt. *See Jacobs v. State*, 230 S.W.3d 225, 229 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

The indictment alleged that appellant, "on or about July 2, 2009, in Nueces County, Texas, did then and there intentionally and knowingly possess, by aggregate weight, including any adulterants or dilutants, less than one gram of METHAMPHETAMINE, a controlled substance in Penalty Group 1 of the Texas Controlled Substances Act." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). To prove possession, the State was required to show that appellant (1) exercised actual care, custody, control or management of the substance; and (2) knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Triplett v. State*, 292

4

S.W.3d 205, 208 (Tex. App.—Amarillo 2009, pet. ref'd); *see also* TEX. PENAL CODE ANN. 1.07(a)(39) (West Supp. 2010) (defining "possession"). Regardless of whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the drug is more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). The fact that a person, other than the accused, might have joint possession of the contraband does not require the State to prove that the defendant had sole possession of the contraband. *Pointdexter*, 153 S.W.3d at 412. There must be an affirmative link between the defendant and the drugs to the extent that the defendant knew of the drugs and constructively possessed them. *Id.*

There is no set formula that an appellate court can use to determine if there are sufficient links to support an inference of knowing possession of drugs. *Taylor v. State,* 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). Each case must be examined according to its own facts on a case-by-case basis. *Roberson v. State*, 80 S.W.3d 730, 736 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). A factor that contributes to sufficiency in one situation may be of little or no value under a different set of facts. *Id.* Moreover, the number of links is not as important as the combined logical force of all the evidence tending to link the accused to the contraband. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

### III. ANALYSIS

By appellant's sole issue, he argues that the evidence is insufficient to support the conviction. We will review the evidence under the standard set forth in *Brooks. See* 323 S.W.3d at 894. Our review is limited to a rigorous and proper application of the

*Jackson v. Virginia* legal sufficiency standard. *Id.* at 906–07, 912.

It is well settled that mere presence at a location where drugs are found is insufficient, by itself, to establish actual care, custody, or control of those drugs. *Evans,* 202 S.W.3d at 162. But, presence or proximity, when combined with other evidence, regardless of whether it is direct or circumstantial, may well be sufficient to establish that element beyond a reasonable doubt. *Id.*

The testimony favorable to the prosecution in this case was that appellant made furtive gestures when stopped, the drugs found were within appellant's arm's reach, and two witnesses testified that the drugs were not theirs, and the two of them had been the only persons to occupy the vehicle that day other than appellant. Viewed in the light most favorable to the prosecution, the evidence was legally sufficient to support the conclusion that appellant knowingly and intentionally possessed the methamphetamine. We overrule appellant's issue.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of November, 2011.

6