**AFFIRM; Opinion Filed May 2, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01160-CR

### MARLON JUNA LALL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-12-33**

## MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Moseley

A jury convicted Marlon Juna Lall of possession of methamphetamine in an amount of less than one gram. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010). The trial court assessed punishment at two years' confinement in state jail, probated for five years, and a $2,000 fine. In a single issue, appellant contends the evidence is legally insufficient to support the verdict. We affirm the trial court's judgment.

EVIDENCE PRESENTED

Jeff Ingalls, a Rockwall City police officer, testified he received a dispatch call at 1:25 a.m. on October 9, 2011 about a suspicious vehicle driving around with its headlights off. When Ingalls arrived at the location, he saw a vehicle with its headlights off in a parking lot near a

church. As he drove into the lot, Ingalls illuminated three men with his spotlight. Appellant and two other men were sitting on steps near another parked vehicle. Ingalls testified he had never before seen any vehicles or people congregating at that location at 1:25 a.m. Ingalls testified it was not common to see vehicles outside of a closed business at that time of morning in the city.

Ingalls testified that when he illuminated the men with his spotlight, he saw appellant sitting with a "satchel" over his shoulder. Appellant and the other men had a conversation that Ingalls could not hear. Appellant then removed the satchel from his shoulder and put it on the ground to his right. When Ingalls asked the men what they were doing and what was in the satchel, appellant said he had keys to a business nearby and the satchel belonged to a friend. Ingalls testified he believed appellant was trying to disassociate himself from the satchel by abandoning it.

Ingalls testified that when he searched the satchel, he found the following items inside: (1) a glass pipe for smoking methamphetamine with burnt residue inside; (2) a baggy that contained a substance later identified as .14 grams of methamphetamine; (3) a set of brass knuckles, which is a prohibited weapon; (4) a baggy that contained a substance known as K2, a synthetic type of marijuana; (5) a wallet containing appellant's identification; and (6) vise grips, a flashlight, and a glass-breaking device. Ingalls arrested appellant and transported him to the county detention center. During the booking process, another officer found a white powder substance, later identified as cocaine, in a folded–up dollar bill inside appellant's wallet.

Rockwall police officer John Donaldson testified he arrived on the scene one minute after Ingalls. Donaldson talked with three men who were standing outside a closed business around 1:30 a.m. Donaldson testified he heard appellant say the satchel belonged to a friend, but appellant could not name the friend. Donaldson saw Ingalls search the satchel and find drugs

and paraphernalia inside. Donaldson testified he searched appellant's wallet at the detention center and found a dollar bill with cocaine in it inside the wallet.

Winona Goldsberry testified she was a vendor at appellant's mother's coffee shop and store. Goldsberry testified a man named Robert Tamez began helping appellant at the business, which was located near the church parking lot. Tamez came to the business "every once in a while" and did "odds-and-ends things" around the building because appellant's family was renovating their store. Goldsberry testified Tamez carried a backpack with a pocket in the front, and appellant would drive Tamez to wherever he needed to go because Tamez did not own a vehicle. Goldsberry testified because appellant said he had known Tamez since grade school, appellant would be aware of Tamez's full name.

Appellant's nephew, Jordan Lall, testified he and Robert Tamez were in the church parking lot with appellant when police officers arrived. Jordan testified the police report about a car without headlights was false because he drove from Dallas to the church parking lot and would have realized his headlights were off. Jordan testified appellant worked at the store every day, and it was not strange for appellant to be at that location in the early morning hours helping with renovations. Jordan testified he met appellant to get keys to their house. When Jordan pulled into the parking lot, Tamez was with appellant. Jordan testified Tamez had a backpack with him every time Jordan saw Tamez.

During cross-examination, Jordan testified that when he arrived at the parking lot, Tamez was the only person there and he did not have the backpack. After waiting five or ten minutes, appellant drove up. Appellant had the backpack when he got out of his vehicle. Jordan testified that although appellant usually wore "cargo pants," appellant carried his wallet in his own

backpack instead of his pants pockets. Jordan testified he told the police he was there to do karate with a weightlifting bag.

APPLICABLE LAW

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We must defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

The State was required to prove beyond a reasonable doubt that appellant exercised actual care, custody, control, or management over the methamphetamine and knew the material possessed was contraband. *See Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011). The State may prove this by linking appellant to the crime. *See id.* These links may include, but are not limited to: (1) whether the drugs are in plain view; (2) the accused's proximity to and accessibility of the drugs; (3) whether other drugs or paraphernalia were present; (4) whether the place where the drugs were found was enclosed; and (5) whether the conduct of the accused indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 n. 12 (Tex. Crim. App. 2006). Links between appellant and the drugs may be established by either direct or circumstantial evidence. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). However, no set formula of facts exists to dictate a finding of links sufficient to support an inference of knowing possession. *See Taylor*, 106 S.W.3d 827, 830 (Tex. App.—

Dallas 2003, no pet.). It is the logical force of the evidence, and not the number of links, that supports a fact finder's verdict. *See Evans*, 202 S.W.3d 158 at 166.

DISCUSSION

Appellant contends the evidence is insufficient to support the conviction because he did not own the satchel, did not know what was inside the satchel, did not put anything into the satchel, and he was returning the satchel to its true owner. Appellant asserts he had a legitimate reason for being in the parking lot at the time he was, and he had no knowledge the satchel contained drugs that were not visible from outside the satchel. The State responds the evidence is sufficient to prove appellant intentionally or knowingly possessed a controlled substance as alleged in the indictment.

The evidence shows several links between appellant and the methamphetamine. Appellant was in physical possession of the satchel when Ingalls arrived on the scene; appellant was within reach of and had easy access to the methamphetamine and paraphernalia found inside the satchel; and a wallet containing appellant's identification was found inside one of the compartments of the satchel. Moreover, the jury could reasonably believe appellant displayed a consciousness of guilt when he tried to distance himself from the satchel by putting it on the ground.

Although Jordan testified the "backpack" belonged to Tamez and not appellant, it was the jury's role, as the fact-finder in this case, to resolve the conflicts in the evidence, and to accept or reject any and all of the evidence presented by either side. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Based on the evidence presented, we conclude a rational jury could find beyond a reasonable doubt that

appellant knowingly or intentionally possessed the methamphetamine. Thus, the evidence is sufficient to support the jury's verdict. We resolve appellant's sole issue against him.

We affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121160F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARLON JUNA LALL, Appellant

No. 05-12-01160-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 439th Judicial District Court of Rockwall County, Texas (Tr.Ct.No. 2-12-33).
Opinion delivered by Justice Moseley, Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered May 2, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE