**Affirm and Opinion Filed June 5, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00053-CR

**BEN LEE HENLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F11-61328-L**

## MEMORANDUM OPINION

Before Justices FitzGerald, Murphy, and Lewis
Opinion by Justice FitzGerald

A jury convicted Ben Lee Henley of unlawful possession of a firearm by a felon, and the

trial court assessed punishment at five years' imprisonment. In a single issue, appellant contends

the evidence is legally insufficient to support the verdict. We affirm the trial court's judgment.

EVIDENCE PRESENTED

Dallas police officer Joe King testified he and other officers went to a house in southeast

Dallas to investigate citizen complaints that drugs were being sold there. The officers arrived at

the house at about 1:00 p.m. and saw appellant standing on the front porch. King stood in the

front yard while other officers approached appellant. King testified that when he smelled a

strong odor of marijuana, he went to the front door and knocked. No one responded. King walked to the side of the house, banged on a window covered with plywood, and yelled "Police, come to the front." King heard sounds of someone moving around inside. King pulled the plywood from the window and climbed through it into a back room. King and the officers who followed him inside made a protective sweep of the house and encountered a man named Eric Jackson near the front door. King testified that when he walked into the living room, he saw marijuana and a handgun in plain view on a coffee table. King also saw a shooting range identification card in appellant's name next to the handgun.

Officer Travis French testified he had encountered appellant at that house on a previous occasion, so he recognized appellant when he saw appellant standing on the front porch. French testified he smelled "freshly burned marijuana" when he walked up to the porch to speak with appellant. Appellant told French that his cousin was inside the house. Officers knocked on the front door, but no one responded. Appellant then said his cousin was in the back part of the house. When French and other officers walked around to the side of the house, they heard movement inside. French looked through a window and saw marijuana lying on a coffee table in plain view. French testified that when he alerted other officers about the marijuana, appellant said "[he] was just selling a little weed." The officers entered the house through a partially boarded-up window. The officers found Eric Jackson inside the house near the front door. French testified he saw a .38-caliber Smith & Wesson revolver in plain view on a coffee table with baggies of marijuana and a shooting range identification card that had appellant's signature on it. The revolver was loaded with live rounds. French testified that neither appellant nor Jackson claimed ownership of the firearm.

Officer Justin Hellenguard testified he was with a team of officers checking on citizen complaints when they saw appellant on the front porch of a suspected drug house. Other officers who had encountered appellant before asked appellant who else was there. Appellant said his cousin was inside the house. Hellenguard testified that when no one responded to their knocking on the front door, French went around to the back of the house. French came back to the front and said he saw marijuana inside. Other officers made a protective sweep of the house and encountered Jackson near the front door. Hellenguard testified that he saw a pistol on a coffee table in plain view along with marijuana, a shooting range identification card that had appellant's driver license number and signature on it, a wallet, and a cell phone.

APPLICABLE LAW

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We must defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Wise*, 364 S.W.3d at 903.

The State was required to prove beyond a reasonable doubt that appellant was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from supervision under community supervision, parole, or mandatory supervision, whichever date is later. TEX. PENAL CODE ANN. §46.04(a) (West 2011). Appellant does not dispute that he had a prior felony conviction. Instead, he challenges only the evidence that he possessed a firearm.

"Possession" means actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2012). If the firearm is not found on a defendant's person or is not seen in a defendant's exclusive care, custody, control, or management, the State must offer additional, independent facts and circumstances that link a defendant to the firearm. *See Bates v. State*, 155 S.W.3d 212, 216–17 (Tex. App.—Dallas 2004, no pet.). Links between appellant and the firearm may be established by either direct or circumstantial evidence. *See Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). We examine factors such as whether the firearm was in plain view, whether the defendant owned the premises where the firearm was found, whether the defendant made incriminating statements, whether the defendant was in close proximity to the firearm and had ready access to it, whether the defendant attempted to flee, whether the defendant's conduct indicated a consciousness of guilt, whether the defendant had a special connection to the firearm, and whether the firearm was found in an enclosed space. *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd). However, no set formula of facts exists to dictate a finding of links sufficient to support an inference of knowing possession. *See Taylor*, 106 S.W.3d 827, 830 (Tex. App.—Dallas 2003, no pet.). It is the logical force of the evidence, and not the number of links, that supports a fact finder's verdict. *See Evans*, 202 S.W.3d 158 at 166.

### DISCUSSION

Appellant contends the evidence is legally insufficient because nothing links him to the house as an occupant and mere presence at the scene is insufficient to prove possession. Appellant asserts that because he (1) was on the porch outside, (2) never admitted he possessed the firearm, and (3) someone else was inside the house while appellant was detained outside the house, the evidence is insufficient.

-4-

The evidence shows links between appellant and the firearm. The firearm was in plain view lying on a coffee table in the living room of the house; appellant had been seen by police at the same house on a previous occasion; a shooting range identification card with appellant's name and driver license number was found next to the firearm; and appellant's wallet and cell phone were found on the same table as the firearm. Moreover, the firearm was found on the table with baggies of marijuana, and appellant told an officer that "[he] was just selling a little weed." Appellant's admission that he was connected to the marijuana logically connects him to the firearm found with the marijuana. Based on the evidence presented, we conclude a rational jury could find beyond a reasonable doubt that appellant knowingly or intentionally possessed the firearm. Thus, the evidence is sufficient to support the jury's verdict. We resolve appellant's sole issue against him.

We affirm the trial court's judgment.

/Kerry P. FitzGerald/

Do Not Publish
TEX. R. APP. P. 47
130053F.U05

KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BEN LEE HENLEY, Appellant

No. 05-13-00053-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F11-61328-L).
Opinion delivered by Justice FitzGerald,
Justices Murphy and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered June 5, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE