**Opinion issued June 20, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00995-CR

————————————

## TYROND DWAYNE RICHARD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 180th District Court
### Harris County, Texas
### Trial Court Case No. 1336435

---

### MEMORANDUM OPINION

A jury found appellant Tyrond Dwayne Richard guilty of the first-degree

felony offense of possession of cocaine weighing between 4 and 200 grams.[1]  After

---

[1]  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115 (Vernon
2010).

finding two-felony enhancement allegations to be true, the trial court sentenced appellant to 30 years in prison. Appellant raises one issue on appeal, challenging the sufficiency of the evidence to support his conviction.

We affirm.

## Background[2]

On February 8, 2012, Officers J. Turrentine and G. Duron of the Houston Police Department were patrolling in their marked patrol car when they noticed a an unoccupied vehicle parked in the driveway of a known crack house. The officers parked a few blocks away to observe the car from a concealed location. A few minutes later, the officers saw the car leave the house. Appellant drove the car. As he drove, the officers observed appellant fail to signal a turn, which is a traffic violation. The officers initiated a traffic stop. Appellant did not immediately stop; rather, he slowly rolled the vehicle for a couple of blocks before coming to a stop. The officers could see that another person, a woman later identified as Tyla Cox, was in the front passenger seat of the vehicle. As the vehicle slowly rolled, the officers noticed appellant and Cox moving around a lot inside the car.

---

[2] The background facts outlined in this section are taken primarily from the trial testimony of two of the State's witnesses, Houston Police Officers J. Turrentine and G. Duron.

2

As appellant stopped the car, Officer Duron quickly got out of the patrol vehicle and approached the passenger side door of the car where Cox was seated. He saw appellant give a purple bag to Cox. The officer saw Cox put the purple bag in her purse, which was between her feet on the floorboard. The officers noticed that appellant and Cox were so nervous that they were shaking.

Officer Turrentine approached the driver's side of the vehicle, where appellant was seated. In plain view, Officer Turrentine saw in the car's center console ashtray what he recognized to be a chunk of crack cocaine wrapped in plastic. The police crime lab later confirmed that it was 6.6 grams of crack cocaine. The officers also found paperwork in the car, showing that the vehicle belonged to appellant.

Officer Turrentine removed appellant from the vehicle. Appellant became hostile toward the officer and began cursing at him. Officer Turrentine frisked appellant and discovered that he had $3,698 on his person. Approximately $1,000 of the money was in $100 bills with the remainder being comprised of $20, $10, $5, $1 bills. At trial, Officer Duron testified that it was significant that the cash contained a variety of smaller denomination bills because smaller denominations are commonly used in narcotics transactions. A police narcotics dog alerted positively to the presence of a controlled substance on the cash.

On the passenger's side, Officer Duron removed Cox from the vehicle. He recovered the purple bag from Cox's purse that he had seen appellant hand to Cox. The bag contained what was later verified to be 26.2 grams of crack cocaine. Other narcotics and contraband were also recovered from Cox's purse.

Once she was away from the car, Cox began to cry. She told Officer Duron that appellant had handed her the purple bag containing the crack cocaine and told her to put it in her purse. Cox told the officer that she took the bag from appellant because she was afraid that he would hurt her.

Appellant was charged with the offense of possession of cocaine weighing between 4 and 200 grams. Officers Turrentine and Duron testified for the State at trial. Cox testified for the defense. Her testimony conflicted with that of the two officers. Cox stated that the appellant had not given her the purple bag containing the crack cocaine. She testified that all of the cocaine recovered from the vehicle belonged to her and that appellant did not know that she had cocaine. Cox denied that there had been any crack cocaine in the center console ashtray of the car. Cox also denied telling Officer Duron that she was afraid of appellant.

The jury found appellant guilty of the charged offense. After finding two-enhancement allegations to be true, the trial court sentenced appellant to 30 years in prison. This appeal followed.

## Sufficiency of the Evidence

In one issue, appellant contends that the evidence is insufficient to support his conviction. Specifically, appellant contends that the State failed to prove that he intentionally or knowingly possessed the cocaine, an element of the charged offense. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115 (Vernon 2010).

## A.    Standard of Review

This Court reviews sufficiency-of-the-evidence challenges applying the same standard of review, regardless of whether an appellant presents the challenge as a legal or a factual sufficiency challenge. *See Ervin v. State*, 331 S.W.3d 49, 53–55 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (construing majority holding of *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)). This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *See id.* Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

5

We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 n.11, 2789; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

In our review of the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, "[e]ach fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

6

**B.     Elements of the Offense and Pertinent Legal Principles**

A person commits the offense of possession of a controlled substance, namely cocaine, weighing at least 4 grams but less than 200 grams, if he intentionally or knowingly possesses the controlled substance in the prescribed amount, by aggregate weight, including adulterants or dilutants. *See* HEALTH & SAFETY CODE §§ 481.102, 481.115. To prove unlawful possession of a controlled substance, the State must prove that (1) the accused exercised control, management, or care over the substance and (2) the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon 2010). When determining whether a defendant knew that he possessed narcotics, the jury is allowed to infer the defendant's knowledge from his acts, conduct, and remarks as well as from the surrounding circumstances. *See Krause v. State*, 243 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

If a defendant was not in exclusive possession of the place where the contraband is found, then additional independent facts and circumstances must affirmatively link the defendant to the contraband in such a way that it may be concluded that he had knowledge of the contraband and exercised control over it. *Roberson v. State*, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). An affirmative link is one that generates a reasonable inference that the

7

defendant knew of the contraband's existence and exercised control over it. *Id.* Proof of an affirmative link between the defendant and the contraband is primarily needed to establish intent or knowledge. *Id.* Whether this evidence is direct or circumstantial, it must establish, to the requisite level of confidence, that the defendant's connection with the drug was more than simply fortuitous. *Poindexter*, 153 S.W.3d at 405–06.

Possible links include, but are not limited to, the following: (1) whether the defendant was present when the drugs were found; (2) whether the drugs were in plain view; (3) the defendant's proximity to and the accessibility of the drugs; (4) whether the defendant was under the influence of drugs; (5) whether the defendant possessed other contraband or drugs when arrested; (6) whether the defendant made any incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of drugs; (10) whether other contraband or other drug paraphernalia was present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 & n.12 (Tex. Crim.

App. 2006); *Beall v. State*, 237 S.W.3d 841, 850 (Tex. App.—Fort Worth 2007, no pet.).

In determining whether the evidence is sufficient to link a defendant to contraband, the factfinder is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *Poindexter*, 153 S.W.3d at 406. No formula of facts exists to dictate a finding of links sufficient to support an inference of knowing possession. *See Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). It is the logical force of the evidence, and not the number of links, that supports a factfinder's verdict. *Evans*, 202 S.W.3d at 166.

With these principles in mind, we turn to appellant's arguments and to the evidence in the record.

## C. Analysis

To support his sufficiency challenge, appellant points out that the evidence showed that no narcotics were found on his person when he was searched by Officer Turrentine. Appellant also argues that the State did not show that he knew that the purple bag contained cocaine when he handed it to Cox. In addition, he asserts that the State did not show whether the plastic wrapping containing the crack cocaine found in the center console ashtray was clear or opaque; thus, appellant questions whether it was shown that he knew the wrapping contained narcotics. Appellant asserts that his mere presence in the car alone was not enough

to support his conviction. He contends that he was simply "in the wrong place at the wrong time."

Generally, appellant accurately cites the record. Nonetheless, appellant's analysis does not appropriately view the evidence in the light most favorable to the verdict and improperly discounts significant evidence that links him to the crack cocaine.

It was not necessary for the State to show that appellant had the cocaine on his person. If the contraband is not found on the accused's person, independent facts and circumstances may "link" the accused to the contraband such that it may be justifiably concluded that the accused knowingly possessed the contraband. *See Evans*, 202 S.W.3d at 161–62.

Contrary to appellant's contention, Officer Turrentine testified that he "observed in the center console ashtray a large beige chunk cookie substance wrapped in plastic." From his experience, the officer recognized the substance to be crack cocaine. This testimony indicates that it was possible to see the crack cocaine through the wrapping.

The State also presented evidence indicating that appellant knew cocaine was in the purple bag. Officer Duron saw appellant making furtive gestures and then hand the bag to Cox. As Officer Duron testified at trial, Cox told him that appellant had instructed her to put the purple bag in her purse. To the extent that

10

Cox's testimony conflicted with the officers' testimony, the jury, as the factfinder, was free to disregard Cox's trial testimony and to believe that of the officers. *See Poindexter*, 153 S.W.3d at 406.

To summarize, the State offered the following evidence linking appellant to the cocaine:

- Appellant's car was seen by the officers at a known crack house and then leaving the house.

- Appellant owned the car, and he was driving it when the officers made the traffic stop.

- Appellant did not stop immediately, but made a slow rolling stop.

- As the car slowly rolled, the officers observed appellant and Cox making furtive gestures.

- Both appellant and Cox acted nervously and were shaking when the officers approached the car.

- Appellant became hostile when Officer Turrentine removed him from the car.

- Officer Turrentine saw the 6.6 grams of cocaine wrapped in plastic in the center console ashtray and recognized it as crack cocaine.

- Officer Turrentine recovered $3,698 in cash from appellant's person. The majority of the money was in small denomination bills, which are commonly associated with narcotics transactions.

- A police dog alerted positively to the currency recovered from appellant, indicating the presence of a controlled substance.

- Officer Duron saw appellant hand Cox the purple bag, later determined to contain 26.2 grams of crack cocaine.

- Cox told Officer Duron that appellant had told her to put the purple bag in her purse. She told the officer that she complied because she was afraid that appellant would hurt her.

The circumstantial evidence outlined above, when viewed together, constitutes ample evidence connecting appellant to the actual care, custody, control or management of the cocaine such that a jury could have reasonably inferred that appellant intentionally or knowingly possessed it. *See Evans*, 202 S.W.3d at 166. Although the State did not present evidence for each link factor, and evidence was presented that weighs in appellant's favor, "[i]t is the logical force of the circumstantial evidence, not the number of links, that supports a jury's verdict." *See id*. Viewing the evidence in a light most favorable to the verdict, we conclude that a rational fact finder could have found beyond a reasonable doubt that appellant intentionally or knowingly possessed the cocaine. Accordingly, we hold that the evidence is sufficient to support the judgment of conviction.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish.   TEX. R.  APP. P. 47.2(b).