**Robert Lewis TAYLOR, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–02–00724–CR.**

Court of Appeals of Texas, Dallas.

May 15, 2003.

Brady Thomas Wyatt, Dallas, for appellant.

William T. (Bill) Hill, Jr., Anne Wetherholt, Assistant District Attorney, Dallas, for state.

Before Justices WRIGHT, FITZGERALD, and LANG.

## OPINION

Opinion by Justice LANG.

Robert Lewis Taylor, Jr. appeals his conviction for possession of a controlled substance with intent to distribute. Over his plea of not guilty, a jury found appellant guilty and assessed punishment at fifteen years confinement. In three points of error,[1] appellant contends (1) the evidence is legally and factually insufficient to support his conviction, and (2) the trial court erred in admitting expert testimony

from a police officer into evidence. For reasons that follow, we overrule appellant's three points of error and affirm the trial court's judgment.

### FACTUAL & PROCEDURAL BACKGROUND

On the afternoon of August 29, 2001, Dallas police executed a search warrant for cocaine at a four-unit apartment house in a known drug area. As they approached unit D, police heard men's voices inside yelling, "Police! Police!" After breaking down the door and entering the residence, the police encountered a woman who pointed to a small closet and said, "They're in there. They're in there." The closet had a small access door to the crawlspace beneath the house as well as a ladder access to the attic. Both the crawl space and attic were common areas shared between all four apartments. Officers yelled for anyone underneath the house to come out, but no one responded. Two officers entered the crawlspace and found appellant and one other man hiding in the far corner of the building.[2]

In apartment D, police recovered an assault rifle and a revolver, both loaded, in plain view. They also recovered crack cocaine in small plastic baggies located on a coffee table next to the revolver. Officers noticed a trail of plastic baggies leading from the coffee table to the crawlspace, some of which contained crack cocaine. In total, officers recovered fifteen bags of crack cocaine weighing 1.37 grams, an amount consistent with that of a small-time dealer. Finally, the officers found video surveillance equipment and cameras,

---

1. This Court now resolves issues, but because appellant's brief refers to points of error, we use the term "point of error." *See* Tex.R.App. P. 38.1(e).

2. Police also arrested another man in an adjacent apartment. One officer had entered the attic above the closet as other officers concentrated on the crawlspace. The officer found no one in the attic but instead noticed a large hole above apartment B. Police went to apartment B and arrested the man who answered the door because he was covered in insulation and sheetrock dust. It appeared he had just fallen through the ceiling.

which monitored any activity at the front door of apartment D and in the adjacent driveway.

## SUFFICIENCY OF THE EVIDENCE

In his first point of error, appellant argues the evidence is legally insufficient to support his conviction because it fails to show (1) that he "possessed" the cocaine, and (2) even if he did possess it, that he had "intent to deliver." In his second point of error, appellant contends the evidence was factually insufficient.

### A. Standard of Review

#### 1. Legal Sufficiency

Appellate review of legal sufficiency is limited to determining whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In reviewing the sufficiency of the evidence, we consider all of the evidence, whether or not properly admitted. *Lockhart v. Nelson,* 488 U.S. 33, 41–42, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988); *see also Johnson v. State,* 967 S.W.2d 410, 411–12 (Tex.Crim.App.1998). The fact finder is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996). As such, the fact finder may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986); *McCray v. State,* 861 S.W.2d 405, 407 (Tex.App.-Dallas 1993, no pet.).

#### 2. Factual Sufficiency

When reviewing the factual sufficiency of the evidence, we review all the evidence, but not in the light most favorable to the prosecution. *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). In conducting this analysis, our duty is to examine the fact finder's weighing of the evidence. *Scott v. State,* 934 S.W.2d 396, 398–99 (Tex.App.-Dallas 1996, no pet.). We must, however, be appropriately deferential to the fact finder's findings to avoid substituting our judgment for that of the fact finder. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex. Crim.App.2000). Unless the record clearly reveals a different result is appropriate, we must defer to the fact finder's determination concerning what weight to give contradictory testimony. *Id.* at 8. We reverse only if (1) the evidence is so weak that the verdict is clearly wrong and unjust, or (2) the verdict is so against the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 11. A decision is not clearly wrong and unjust merely because the fact finder resolved conflicting evidence in favor of the State. *Cain v. State,* 958 S.W.2d 404, 410 (Tex.Crim.App. 1997).

### B. Applicable Law

A person commits an offense if he knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance, such as cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon Supp.2003). Possession with intent to deliver is punishable as a second-degree felony if the amount of the controlled substance is between one and four grams. *Id.* § 481.112(c). To support a conviction for possession of narcotics, the State must prove two elements: (1) the accused exercised "actual care, custody, control or management over" the cocaine, and (2) the accused knew that the matter "possessed" was contraband. *See id.* § 481.002(38); *Guiton v. State,* 742 S.W.2d 5, 8 (Tex.Crim. App.1987).

If the accused was not in exclusive possession of the contraband, the State is required to present evidence affir-

matively linking him to it. *Brown v. State*, 911 S.W.2d 744, 748 (Tex.Crim.App.1995). No set formula of facts exists that would dictate a finding of affirmative links sufficient to support an inference of knowing possession of contraband. *Porter v. State*, 873 S.W.2d 729, 732 (Tex.App.-Dallas 1994, pet. ref'd). The number of links is less important than the "logical force" or degree to which the links, alone or in combination, tend to affirmatively link the accused to the contraband. *Wallace v. State*, 932 S.W.2d 519, 524 (Tex.App.-Tyler 1995, pet. ref'd). Possible affirmative links include: (1) whether the defendant was present when the drugs were found; (2) whether the drugs were in plain view; (3) whether the drugs were found in proximity to and accessible to the defendant; (4) whether the defendant was under the influence of drugs when arrested; (5) whether the defendant possessed other contraband or drug paraphernalia; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of drugs; (10) whether the defendant owned or had the right to possess the place where the drugs were found; (11) whether the place the drugs were found was enclosed; (12) the amount of drugs found; (13) whether the defendant possessed weapons; and (14) whether the defendant possessed a large amount of cash. *See Porter*, 873 S.W.2d at 732; *see also Pettigrew v. State*, 908 S.W.2d 563, 571 (Tex.App.-Fort Worth 1995, pet. ref'd); *Washington v. State*, 902 S.W.2d 649, 652 (Tex.App.-Houston [14th Dist.] 1995, pet. ref'd); *Green v. State*, 892 S.W.2d 220, 222 (Tex.App.-Texarkana 1995, pet. ref'd); *Chavez v. State*, 769 S.W.2d 284, 288–89 (Tex.App.-Houston [1st Dist.] 1989, pet. ref'd).

In a possession with intent to deliver case, the "intent to deliver" element may be proved by circumstantial evidence, such as the quantity of drugs possessed, the manner of packaging, and the presence of the accused in a drug house. *Smith v. State*, 737 S.W.2d 933, 941 (Tex. App.-Dallas 1987, pet. ref'd); *see also Edwards v. State*, 813 S.W.2d 572, 578–79 (Tex.App.-Dallas 1991, pet. ref'd) (en banc); *Moss v. State*, 850 S.W.2d 788, 797 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd). Further, intent to deliver is a question of fact for the jury to resolve, and it may be inferred from the acts, words, or conduct of the accused. *Avila v. State*, 15 S.W.3d 568, 573 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Finally, the control over the contraband need not be exclusive, but can be jointly exercised by more than one person. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App.1985).

### C. Application of Law To the Facts

The evidence adduced at trial showed that appellant was present at apartment D on August 29, 2001, when officers attempted to execute the search warrant. Upon entering the apartment, police discovered over 1.3 grams of crack cocaine, an amount consistent with approximately thirteen individual uses, and several small plastic baggies. Police testified that because of the cost and nature of the narcotic, it would be "very uncommon" for someone to purchase thirteen individual uses of crack cocaine and not have intent to sell at least a portion of those uses. Also, officers discovered a loaded assault rifle and revolver in plain view. Police officers and detectives testified that apartment D was a small, enclosed apartment. Most importantly, the evidence established that appellant had attempted to flee by way of the crawlspace. Officers testified that the crawlspace was very tightly enclosed with little room in which to maneu-

ver and it was very likely intended to be used as an "escape route." Police found appellant and another man curled up as far away from the entry to apartment D as possible.

Appellant notes that several of the affirmative link factors have no applicability to the evidence adduced at trial, and we agree. However, appellant then ignores the presence of several other factors that strongly indicate he was in fact in "possession" of the crack cocaine. The jury evaluated the credibility of the police officers and detectives. No evidence was put on by the defense. It was the jury's prerogative to accept the officers' accounts as true. The evidence was sufficient to show that appellant possessed the illegal contraband. Furthermore, whether appellant had intent to deliver was a question of fact for the jury to resolve. Intent could easily be inferred from the testimony of officers as to the evidence found in apartment D and appellant's actions during the execution of the search warrant.

Viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant possessed the crack cocaine with an intent to distribute. We further conclude the evidence is not so weak that the jury's verdict was clearly wrong and unjust, nor is the verdict so against the overwhelming weight of the evidence as to be clearly wrong and unjust. Having applied the appropriate standards, we conclude the evidence is both legally and factually sufficient to support the conviction. Accordingly, we overrule appellant's first and second points of error.

**EXPERT POLICE TESTIMONY**

■ In his third point of error, appellant argues the trial court erred by allowing a Dallas police officer to testify as an expert without conducting a "gatekeeping" analysis pursuant to Texas Rule of Evidence 702.[3] However, appellant admits he neither requested a "gatekeeping" hearing nor did he object to the expert testimony at trial. We conclude appellant has waived his argument on this point. *See* TEX. R.APP. P. 33.1(a); *Martinez v. State*, 22 S.W.3d 504, 507 (Tex.Crim.App.2000) (error not preserved on expert's qualifications where defendant failed to object); *Wilson v. State*, 7 S.W.3d 136, 145 (Tex.Crim.App. 1999) (defendant procedurally defaulted on expert's qualifications where he failed to object).

■ Nevertheless, even if appellant had preserved error on this issue, we conclude the trial court did not err. We review a trial court's decision to admit evidence under an abuse of discretion standard. *Burden v. State*, 55 S.W.3d 608, 615 (Tex.Crim.App.2001); *Green v. State*, 934 S.W.2d 92, 101–02 (Tex.Crim.App.1996). Expert testimony is admissible under rule 702 if it assists the trier of fact. The testimony must reflect information outside the general knowledge of lay persons. *Schutz v. State*, 957 S.W.2d 52, 70 (Tex. Crim.App.1997). Expert testimony assists the trier of fact when the jury is not qualified to "the best possible degree" to determine intelligently the particular issue without the help of the testimony, but the expert testimony must aid, not supplant, the jury's decision. *Id.* at 59.

Detective Anthony Gipson, a narcotics detective with the Dallas Police Depart-

---

**3.** Evidence rule 702 allows "a witness qualified as an expert by knowledge, skill, experience, training, or education [to] testify ... in the form of an opinion or otherwise" if the testimony "will assist the trier of fact to understand the evidence or determine a fact in issue." TEX.R. EVID. 702.

ment, testified as an expert witness based on his training and experience with the manufacture, packaging, possession, and sale of crack cocaine. In response to a hypothetical question, Gipson testified that in his expert opinion, a person would be possessing the cocaine with the intent to deliver it, rather than possessing it for personal use, where there was evidence of the following: (1) the person possessed the amount and kind of cocaine seized in this case; (2) the presence of individual baggies nearby; (3) the presence and type of weapons found at the scene; (4) the presence of multiple quick escape routes; and (5) the presence of video surveillance equipment outside. We conclude Gipson's testimony was properly admitted to assist the jury in determining the issue of intent because of his superior knowledge of the circumstances and nuances of illegal narcotics packing and sales. *See Beasley v. State,* 838 S.W.2d 695, 704–05 (Tex.App.-Dallas 1992, pet. ref'd) (trial court did not err in admitting expert testimony of police officer where testimony assisted the jury in attaining "perspective and knowledge of the world of illegal drug dealing."). We overrule appellant's third point of error.

## CONCLUSION

Having overruled appellant's three points of error, we affirm the trial court's judgment.