**MODIFY and AFFIRM; and Opinion Filed November 26, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00988-CR
### No. 05-12-00989-CR

### VICTOR MANUEL CRUZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-25901-W, F11-25902-W**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Bridges

Victor Manuel Cruz appeals his convictions for possession of methamphetamine with intent to deliver in cause number 05-12-00988-CR and possession of heroin in cause number 05-12-00989-CR. A jury convicted appellant, and the trial court sentenced him to twenty years' confinement in cause number 05-12-00988-CR and eight years' confinement in cause number 05-12-00989-CR, to run concurrently. In five points of error, appellant argues the evidence is legally insufficient to support his convictions, the judgment should be reformed to reflect that the jury did not find appellant used or exhibited a deadly weapon in cause number 05-12-00988-CR, and the record contains insufficient evidence to support the trial court's order that appellant pay court costs in each case. We affirm the trial court's judgments.

On January 30, 2011, at approximately 12:30 a.m., Garland police officer J. Kirby was patrolling what he described as "a high crime area" on Jupiter Road. Kirby typically ran the license plates of vehicles he passed on the road to check for outstanding warrants and to check whether the vehicle's insurance was up to date. Kirby ran the plates of a four-door Toyota vehicle carrying two passengers, and the returns showed the vehicle was stolen five days before. Kirby notified dispatch he was behind an occupied stolen vehicle and followed the vehicle for approximately two miles while he waited for backup. Officer Stallings arrived as backup, but Kirby was waiting on one more officer to arrive before stopping the stolen vehicle. The vehicle pulled into a gas station, and Kirby "kind of had to act at that point." Kirby activated his lights, and the vehicle "stopped in the open area of the gas station." Kirby got out of his car, drew his gun, and waited for Stallings to do the same. Kirby yelled at the driver of the suspect vehicle to turn the engine off, and he complied.

Kirby yelled "Show us your hands," and he saw "a lot of movement around inside the vehicle." There was a "little bit of delay" in getting the occupants out of the vehicle, and Kirby told Stallings "they're moving around a lot. Let's be real careful with this during the traffic stop because kind of getting that – that, I guess you could call it a cop feeling something isn't normal." Approximately twenty seconds passed between the time Kirby pulled his gun and the time the occupants of the car got out. Kirby and Stalling took appellant and the driver of the car into custody and put them in separate cars.

Kirby approached the stolen car and conducted an inventory search. The car looked "pretty rough on the inside." The carpet had been torn out, the car looked like it was "almost going through body work," and there was "floorboard missing to where you could see the steel underneath." The condition of the car indicated to Kirby that it was "in the process of being stripped out." Kirby went to the passenger side of the car where appellant had been sitting and

opened the door. The gear shifter was stripped out, and a Sprint cell phone box was sitting on top of the center console. Kirby opened the box and found approximately fifty blue baggies "typically used to package narcotics" and fifty red baggies "in the same manner." Kirby also found a digital scale that looked like it had methamphetamine residue on it, ten baggies of methamphetamine, and a sandwich bag containing a brown substance Kirby believed was heroin. The Sprint box did not contain a cell phone. Stallings found a loaded handgun under the driver's seat and gave the gun to Kirby, who kept it with the narcotics. When Kirby later had the methamphetamine weighed, it weighed "around 8 grams total between the 10 packages." The heroin weighed "a little bit over a gram." The manner in which the methamphetamine was packaged individually and the amount of methamphetamine indicated to Kirby it was packaged for drug dealing. Appellant was charged with possession of methamphetamine with intent to deliver and possession of heroin.

At trial, following the testimony of Kirby and Stallings, Marcie St. John, an undercover narcotics officer with the Dallas Police Department methamphetamine lab squad, testified concerning the packaging and sale of methamphetamine. St. John testified methamphetamine is sold in different sizes and colors of packaging indicating "how much dope is there, how many grams that you're buying." St. John testified "the reason they use different color bags is because when they're distributing, they want it to be easy." If baggies and scales and methamphetamine were found in the same place, St. John testified it would indicate to her that "they're distributing." A jury convicted appellant of possession of methamphetamine with intent to deliver and possession of heroin, and these appeals followed.

In his first and second issues, appellant argues the evidence is insufficient to support his convictions for possession of methamphetamine with intent to deliver and for possession of heroin. In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence

–3–

in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894-95 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the factfinder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326. The fact finder may choose to believe or disbelieve all or any part of any witness's testimony. *Taylor v. State*, 106 S.W.3d 827, 830 (Tex. App.—Dallas 2003, no pet.).

To support a conviction for possession of narcotics, the State must prove two elements: (1) the accused exercised actual care, custody, control or management over the narcotics and (2) the accused knew that the matter "possessed" was contraband. *Taylor*, 106 S.W.3d at 830. If the accused was not in exclusive possession of the contraband, the State is required to present evidence affirmatively linking him to it. *Id.* at 830-31. No set formula of facts exists that would dictate a finding of affirmative links sufficient to support an inference of knowing possession of contraband. *Id.* at 831. The number of links is less important than the "logical force" or degree to which the links, alone or in combination, tend to affirmatively link the accused to the contraband. *Id.*

Possible affirmative links include: (1) whether the defendant was present when the drugs were found; (2) whether the drugs were in plain view; (3) whether the drugs were found in proximity to and accessible to the defendant; (4) whether the defendant was under the influence of drugs when arrested; (5) whether the defendant possessed other contraband or drug paraphernalia; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of drugs; (10) whether the defendant owned or had the right to

possess the place where the drugs were found; (11) whether the place the drugs were found was enclosed; (12) the amount of drugs found; (13) whether the defendant possessed weapons; and (14) whether the defendant possessed a large amount of cash. *Id.*

As the jury was charged, a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both. TEX. PENAL CODE ANN. § 7.01(a) (West 2011). A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2).

Here, the drugs were found in a box sitting on top of the center console of the car in which appellant was a passenger. The drugs were in proximity and accessible to appellant. Both appellant and the driver made furtive gestures and moved around inside the car after the car was stopped. In fact, the movement continued for approximately twenty seconds after officers, with guns drawn, ordered appellant and the driver out of the car. The methamphetamine was packaged in different color baggies, indicating it was packaged for sale. The amount of methamphetamine, along with the presence of the baggies and a scale led St. John to conclude, "that's distributing." Under these circumstances, we conclude the evidence is sufficient to establish appellant possessed methamphetamine with the intent to deliver and possessed the heroin. *See Jackson*, 443 U.S. at 326; *Taylor*, 106 S.W.3d at 830-31. We overrule appellant's first and second issues.

In his third issue, appellant asks this Court to reform the judgment in cause number 05-12-00988-CR to delete the affirmative finding of a deadly weapon. The record contains the judgment in cause number 05-12-00988-CR that contains a deadly weapon finding. However, the record also contains the jury's verdict showing the jury found appellant did not use or exhibit

a deadly weapon during the commission of the offense. Accordingly, we modify the judgment in cause number 05-12-00988-CR to delete the deadly weapon finding.

In his fourth and fifth issues, appellant requests we reform the trial court's judgments to delete the requirement that he pay court costs because the clerk's record in each case does not contain a bill of costs. If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id.* art. 103.001.

The clerk's records in these appeals did not contain copies of the bills of costs, and appellant's designations of records on appeal do not request that a copy of the bills of costs be included in the records. In light of appellant's specific complaint that the clerk's records did not contain bills of costs, we ordered the Dallas County District Clerk to file supplemental clerk's records containing the certified bill of costs associated with each case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). Appellant's complaints that the evidence is insufficient to support the imposition of costs because the clerk's records do not contain bills of costs are now moot. *See Shaikh v. State*, No. 05-12-00735-CR, 2013 WL 5761332, at *2 (Tex. App.—Dallas October 22, 2013, no pet. h.). We resolve appellant's fourth and fifth issues against him.

In response to this Court's order requiring supplementation of the records, appellant filed a motion in which he objects that the bill of costs in each supplemental record is not a proper bill of costs and that neither bill of costs was filed in the trial court or brought to the trial court's attention before costs were entered in the judgment.

With respect to his first objection, appellant argues the bill of costs in each record is not a proper bill of costs because it is an unsigned, unsworn computer printout. The code of criminal procedure requires only that a bill of costs be certified and signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, stating the costs that have accrued if the cause is appealed. TEX. CODE CRIM. PROC. ANN. art. 103..001, .006 (West 2006). Here, the district clerk provided a Bill of Costs Certification containing the costs that have accrued to date in each case; it is certified and signed by the district clerk. We conclude the supplemental records filed by the clerk meet the mandate of the code of criminal procedure. *See Shaikh*, 2013 WL 5761332, at *2.

With respect to appellant's second objection, he argues there is no indication the bill of costs in each case was filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. However, there is no requirement that a bill of costs be presented to the trial court at any time before judgment. *Id.* We deny appellant's motion objecting to the supplemental records.

Finally, we note that in his original brief and his objection to the bill of costs, appellant does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address these matters.

We modify the judgment in cause number 05-12-00988-CR to delete the deadly weapon finding. In all other respects, we affirm the trial court's judgments.

/David L. Bridges/

DAVID L. BRIDGES

Do Not Publish                    JUSTICE

TEX. R. APP. P. 47

120988F.U05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

VICTOR MANUEL CRUZ, Appellant

No. 05-12-00988-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-25901-W.
Opinion delivered by Justice Bridges.
Justices Fillmore and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to delete the deadly weapon finding. In all other respects, the trial court's judgment is **AFFIRMED**.

Judgment entered this 26th day of November, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

–8–



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

VICTOR MANUEL CRUZ, Appellant

No. 05-12-00989-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-25902-W.
Opinion delivered by Justice Bridges.
Justices Fillmore and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 26th day of November, 2013.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE