**AFFIRMED; Opinion Filed June 4, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01620-CR

### JORGE ALVARADO, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F11-25903-Y**

# MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

A jury convicted Jorge Alvarado of possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams. The trial court sentenced him to eight years' imprisonment. In three issues, appellant argues the evidence was legally insufficient to support the verdict and the trial court erred by admitting an improperly authenticated videotape and evidence of his unrecorded custodial statement. We affirm the trial court's judgment.

## BACKGROUND

Pursuant to our duty to view the evidence in the light most favorable to the verdict, the following evidence was presented to the jury. On January 30, 2011, Garland Police Officer J. Kirby testified that he was checking license plates for stolen cars and warrants while on patrol.[1]

---

[1] Officers enter the license plate number into a database from their patrol car computer to gather information about the vehicle, including whether it has been reported stolen.

At the intersection of Jupiter and Miller, he checked the license plate of a black Toyota and received a return that the vehicle was reported stolen on January 25, 2011. Officer Kirby notified dispatch he was behind a stolen vehicle and requested backup units. After the Toyota turned into a gas station, Kirby turned on his lights and stopped the vehicle with the assistance of Officer Chad Stallings who had responded to Kirby's backup request. Officer Jeffrey Hammett also responded to Kirby's request for backup. Hammett arrived at the scene after Kirby and Stallings were out of their patrol cars and had their guns pointed at the stolen vehicle. All three officers testified that the driver and passenger in the vehicle did not immediately exit as directed and were moving around inside the passenger compartment. The evidence suggested that the occupants took somewhere between fifteen to thirty seconds to get out of the car. Kirby and Stallings both stated the occupants' actions inside the vehicle suggested they were either hiding something or retrieving something. The driver and passenger were arrested after exiting the vehicle. Appellant was later identified as the driver.

A search of the stolen vehicle revealed a gun under the driver's seat and a cardboard Sprint cell phone box containing scales, ten bags of methamphetamine and one bag of heroin, and baggies used to package narcotics for distribution. The box was in an "open tray area" between the two front seats.[2] Kirby testified the box was within appellant's immediate reach as the driver of the vehicle. There was also expert testimony that the amount of methamphetamine found, 7.66 grams, had a wholesale value of between $400 to $800 and was an amount possessed by someone who is selling drugs rather than a user. Appellant testified in his own defense and denied knowledge of the drugs and the gun found in the vehicle.

---

[2] Kirby testified the interior of the vehicle was stripped out. The floorboard was missing, door paneling was gone and there was no lift-up console in the console area but rather an "open tray area."

ANALYSIS

## I.    Sufficiency of the Evidence

In his first issue, appellant challenges the legal sufficiency of the evidence to support his conviction. Specifically, he argues that there were no legally sufficient links demonstrating that he knowingly possessed the drugs found in the car. We disagree.

In reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Brooks v. State,* 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We assume the fact finder resolved conflicts in testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also defer to the trier of fact's determination of witness credibility and the weight to be given their testimony. *Brooks*, 3232 S.W.3d at 899.

To establish unlawful possession of a controlled substance, the State must prove that appellant exercised control, management, or care of the substance, and that appellant knew the matter possessed was contraband. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The evidence may be either direct or circumstantial, but must show the appellant's connection to the drugs was more than just fortuitous. *See Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). Although appellant's mere presence where drugs are found, without more, is insufficient to establish possession, appellant's proximity to the drugs combined with other evidence can prove possession beyond a reasonable doubt. *See id*. at 162.

A nonexclusive list of factors that can be sufficient either singly or in combination, to establish possession of contraband include: (1) presence when search is conducted; (2) whether the contraband is in plain view; (3) proximity to and the accessibility of the contraband, (4) the

accused being under the influence of narcotics when arrested; (5) possession of other contraband or narcotics when arrested; (6) incriminating statements made by the accused when arrested; (7) an attempt to flee; (8) furtive gestures; (9) an odor of contraband; (10) the presence of other contraband or drug paraphernalia; (11) whether the accused owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) possession of a large amount of cash; (14) conduct indicating a consciousness of guilt; (15) the quantity of the contraband; and (16) whether the accused was the driver of the automobile in which the contraband was found. *See Evans*, 202 S.W.3d at 162 n.12; *McQuarters v. State*, 58 S.W.3d 250, 259 (Tex. App.—Fort Worth 2001, pet. ref'd). The number of linking factors is not as important as the logical force they create to support an inference of knowing possession of contraband. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.).

Here, the evidence established that the box containing the drugs and drug paraphernalia were in plain view and within appellant's reach while he was in the driver's seat of a stripped-down, stolen vehicle. Appellant and his passenger did not immediately exit the vehicle after the stop but moved around in the passenger area, suggesting they were attempting to hide or retrieve something. A gun was also found under appellant's seat. Appellant also admitted that he had stolen the vehicle he was driving from its registered owner five days before his arrest.[3] An expert testified that the amount of drugs found in the vehicle had a wholesale value of $400 to $800 and that amount would be possessed by someone who is selling drugs.

We conclude the direct and circumstantial evidence sufficiently links appellant to the methamphetamine found in the vehicle he was driving. Viewing the evidence in the light most

---

[3] Appellant indicated after stealing the vehicle, he parked at the home of his passenger's friend. He did not drive it again until about thirty minutes before he was stopped by the police.

favorable to the verdict, a rational jury could have found beyond a reasonable doubt that appellant exercised care, control, custody and management over the seized drugs and knew they were contraband. *See Jackson*, 443 U.S. at 319. We resolve appellant's first issue against him.

## II. Admission of the Videotape

In his second issue, appellant complains about the admission of a videotape of a police search relating to appellant's prior arrest during the punishment phase of trial. Appellant contends the State failed to establish the proper predicate for the videotape. We review such evidentiary rulings for an abuse of discretion. *See Page v. State*, 213 S.W.3d 332, 337 (Tex. Crim. App. 2006). The requirement of authentication is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims. TEX. R. EVID. 901(a). Thus, before the videotape could be admitted, it must have been shown that it accurately portrayed the scene at issue. *See Huffman v. State*, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988). Officer Michael Csaszar testified that he was present at the search that was the subject of the videotape but was not the video recorder. After reviewing the videotape, he testified as follows:

Q. Is [the videotape] a fair, accurate representation of the apartment on that day?

A. Yes, Sir.

In light of the testimony of Officer Csaszar, we cannot conclude the trial court abused its discretion in determining the videotape was properly authenticated and admitting it into evidence. We resolve appellant's second issue against him.

## III. Unrecorded Custodial Statement

In his third issue, appellant contends the trial court erred when it allowed evidence of his unrecorded custodial statement. During the punishment hearing, Officer Kirby testified that after appellant was arrested, he was taken to the Garland police station where he was given his

–5–

*Miranda*[4] rights. According to Kirby, after appellant verbally waived his *Miranda* rights, he questioned appellant about the vehicle, the drugs, and the gun. At this point in the officer's testimony, the following exchange occurred:

> [DEFENSE COUNSEL]: Judge, I guess just to maybe speed it up, if it wasn't recorded, it presumably wasn't offered at the last jury trial because it's not admissible. I don't know how it would be admissible now. Renew the same objection. I don't think it's admissible in front of the Court or in front of a jury.
>
> [PROSECUTOR]: If I may, I believe there's – the nature of one of his statements I think may be able to –
>
> THE COURT: Let me hear it, . . . . I have – I don't know that I disagree with what you just said, but let me hear what it is. There are some exceptions to non-recorded statement[sic] go ahead, . . . .

Kirby then testified that appellant offered to "have someone bring an ounce if it would help with the case that I arrested him on."

In order to preserve a complaint for appellate review, the record must show (1) appellant timely objected and (2) the trial court either ruled on the objection or refused to make a ruling and the complaining party objected to the trial court's refusal. TEX. R. APP. P. 33.1(a). Assuming that appellant timely objected to Kirby's testimony regarding his unrecorded custodial statement, he never obtained a ruling on his objection. In fact, after appellant made his objection, the trial judge indicated that although he did not necessarily disagree with appellant's objection, he wanted to hear the testimony because "there are some exceptions to non-recorded statement[s]." As appellant acknowledges in his brief, the trial court never addressed his objection or the admissibility of the statement again. Because appellant failed to obtain a ruling on his objection, he has not preserved this issue for review. *See* TEX. R. APP. P. 33.1(a); *Kennedy v. State*, 264 S.W.3d 372, 380 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). We resolve appellant's third issue against him.

---

[4] *Miranda v. Arizona,* 384 U.S. 436 (1966).

We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121620F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JORGE ALVARADO, Appellant

No. 05-12-01620-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F11-25903-Y.
Opinion delivered by Justice Evans,
Justices FitzGerald and Fillmore
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 4th day of June, 2014.


/David Evans/
DAVID EVANS
JUSTICE