ACCEPTED
03-15-00258-CR
7935468
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/20/2015 4:32:07 PM
JEFFREY D. KYLE
CLERK

# IN THE COURT OF APPEALS

# FOR THE THIRD DISTRICT

# AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/20/2015 4:32:07 PM
JEFFREY D. KYLE
Clerk

| | | |
|---|---|---|
| STEPHANIE MAIE, | § | CAUSE NO. 03-15-00258-CR |
| HEINTZLEMANN | § | Trial COURT No. 42636 |
| Appellant | | |
| V. | § | |
| THE STATE OF TEXAS, | § | |
| Appellee | § | |

## BRIEF OF APPELLANT

Appealed from the 33rd Judicial District Court, Burnet County, Texas

Honorable Alan Garrett, presiding

Law Office of Alice E. Price
408 South Liveoak
Lampasas, Texas 76550
Tel/Fax 512-556-4777
State Bar No. 00786177
apgregg50@hotmail.com
Attorney for Appellant

**APPELLANT HEREBY WAIVES ORAL ARGUMENT**

1

# TABLE OF CONTENTS

Page

Table of Contents                                    2

Index of Authorities                                 3

Identity of Parties and Counsel                      4

Statement of the Case                                5

Issue Presented

The evidence is insufficient to support a conviction for possession          6
with intent to deliver, a controlled substance, methamphetamine,
in an amount of one to four grams. TEX. HEALTH & SAFETY CODE
§§481.112(a)(c), (West 2013), because there is no evidence of an
affirmative connection between the Appellant and the contraband
under the Link Doctrine.


Statement of Facts                                   6

Summary of the Argument                              7

Argument                                             8

Standard of Review                                   12

Prayer                                               14

Certificate of Service and                           15
of Compliance with Rule 9

# Index of Authorities

***Authorities Page***                                                                      ***Page***

### *Court cases United States Supreme*

**Jackson v. Virginia**

       443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 550 (1979)     9

### *Texas Court of Criminal Appeals cases*

**Brooks v. State**
323 S.W. 3d 893 (Tex.Crim.App.2010)              9

***Olivarez v. State***
171 S.W.3d 283, 291 (Tex. App. Houston [14th Dist.] 2005, no pet.  9,11

***Poindexter v. State***
153 S.W.3d 402, 406 (Tex. Crim. App. 2005)         10

***Evans v. State***
202 S.W.3d 158, 162 n. 12 (Tex. Crim. App. 2006)     11

**Taylor v. State**
106 SW3d 827 (Tex. App.-Dallas 2003, no pet.)      11

***Wiley v. State***
388 S.W.3d 807, 815 (Tex. App. – Houston [1st Dist.] 2012, pet.  11

**Robertson v. State**
80 S.W. 3d 730,735 (Tex. App- Houston [1st Dist.] 2002)    14

### *Statutes*

***TEX. HEALTH & SAFETY CODE §§481.112(a)(c), (West 2013)***   5,6

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT
AT AUSTIN, TEXAS

STEPHANIE MAIE HEINTZLEMANN,                    §

Appellant                                       §

                                                §       CAUSE No. 03-15-00258-CR

V.                                              §       TRIAL COURT NO. 42636

THE STATE OF TEXAS,                             §

Appellee                                        §

## IDENTITY OF PARTIES AND COUNSEL

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW STEPHANIE MAIE HEINTZLEMANN, the Appellant herein, and would show the court interested parties herein are as follows:

**STEPHANIE MAIE HEINTZLEMANN**, appellant, c/o/ Garza East Unit 4304 Highway 202 Beeville, TX 78102-8981

**Barton Vanna**, trial attorney
For appellant, 101 High. 281 N, Suite 205C, Marble Falls, Texas 78654

**Alice Price**, appellate attorney for appellant, 408 South Liveoak Lampasas, Texas 76550

**Sonny McAfee**, Burnet County District Attorney, and

**Gary Bunyard**, Assistant District Attorney, Burnet, Texas

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT
AT AUSTIN, TEXAS


| STEPHANIE MAIE HEINTZLEMANN, | § | |
|---|---|---|
| Appellant | § | |
| | § | CAUSE No. 03-15-00258-CR |
| V. | § | TRIAL COURT NO. 42636 |
| THE STATE OF TEXAS, | § | |
| Appellee | § | |

**STATEMENT OF THE CASE**

A jury in the 33rd Judicial District Court in and for Burnet County, Texas, convicted STEPHANIE MAIE HEINTZLEMANN of possession, with intent to deliver, a controlled substance, methamphetamine, in an amount of one to four grams. **TEX. HEALTH & SAFETY CODE §§481.112(a)(c), (West 2013)**, (CR Vol.1, page 45). After a jury found Heintzlemann guilty, it assessed her punishment at 9 years' confinement in the Texas Department of Criminal Justice's Institutional Division. (CR Vol. 1 page 45). Appeal was subsequently perfected from that verdict and sentence. (CR Vol. 1, page 70)

**ISSUE PRESENTED**

The evidence is insufficient to support a conviction for possession with intent to deliver, a controlled substance, methamphetamine, in an amount of one to four grams. **TEX. HEALTH & SAFETY CODE §§481.112(a)(c), (West 2013)**, because there is no evidence of an affirmative connection between the Appellant and the contraband under the Link Doctrine.

**STATEMENT OF FACTS**

*Background*

On February 15, at approximately 1:40 a.m., Officer Paul Chrane initiated a traffic stop of a 1998 Pontiac grand am in Granite Shoals, Texas. The vehicle was stopped due to a rolling stop and an expired registration. (RR Volume 3 page 96)Upon identifying the occupants of the car, it was determined that the driver, a Grant Cole, had multiple warrants for his arrest. (RR vol. 3 page 97). At this point, a search was

conducted on the car. In the center console, a black bag was discovered containing a pipe which later would be confirmed as containing methamphetamine residue. (RR vol. 3 page 99). An officer Decker assisted the first officer with the search of the vehicle, and states what he saw was a car" full of a bunch of items, bags, kind of bit of disarray, and loaded up -- with just stuff." (RR vol. 3, page 110). As the police continue to search the vehicle, they come across a number of bags. (RR vol. 3 page 115) Officer Decker states that the bags were described as a "Knapsack, satchel, duffel. It was hard to describe specifically a style of bag other than it was a manufactured black bag with a zipper style on it. I believe one of the other ones had another style of closure to them. But not a suitcase or briefcase or something of that. Just a bag." (RR vol. 3 page 115)During the search of the vehicle and through numerous bags, other items were discovered. Such as a straw which had been cut about a third in size, (RRvol.3 page 116) and inside a coin purse I located two glass pipes, (RR vol. 3 page 118.)Other items recovered were plastic baggies containing numerous small baggies with clear

crystal substance inside. These were jeweler-style baggies, small zip-style baggies, within a larger jewelry-style baggie. (RR vol. 3 page 121).

After these items were collected into evidence both occupants were arrested and transported to the county jail for processing on possession with intent to deliver , a controlled substance, methamphetamine.

## SUMMARY OF THE ARGUMENT

To prove Ms. Heintzlemann guilty of possession with intent to deliver methamphetamine, there must be evidence that establishes her care, custody and control over the contraband discovered in the car. There is no question that there was methamphetamine and other illegal items found in the car in which Appellant was a passenger. This Court has to examine the evidence which tend to connect Appellant to those items and balance them with factors that tend to disprove Appellant possessed it.

### *Standard of Review*

In a sufficiency review, a reviewing court examines the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the

8

crime beyond a reasonable doubt. ***Jackson v. Virginia,*** 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 550 (1979); ***Brooks*** *v.* ***State,*** 323 S.W.3d 893 (Tex. Crim. App. 2010). The fact-finder is the exclusive judge of the facts, the credibility of the witnesses, and of the weight to be given testimony. ***Brooks,*** 323 S.W. 3d at 899. Any evidentiary inconsistencies are resolved in favor of the judgment. **Id.**

### *ARGUMENT*

Viewing the evidence in this case in the light most favorable to the verdict, a rational fact-finder could not have found beyond a reasonable doubt that the defendant in this case was in exclusive possession of the contraband found.  When the accused is not in exclusive possession of the place where the contraband is found, the State must show additional affirmative links between the accused and the contraband. *See* ***Olivarez v. State***, 171 S.W.3d 283, 291 (Tex. App. – Houston [14th Dist.] 2005, no pet.). An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and

9

exercised control over it. *See id*. The "affirmative links" are designated

to protect the innocent bystander from conviction based solely on

fortuitous proximity to someone else's drugs. **Poindexter v. State**, 153

S.W.3d 402, 406 (Tex. Crim. App. 2005). Thus, when the accused is not

in exclusive possession of the place where the substance is found, there

must be additional independent facts and circumstances that

affirmatively link the accused to the contraband. *See id*.

Courts have identified the following factors as affirmative links that

may link an accused to a controlled substance:

(1) the [accused's] presence when a search is conducted; (2) whether

the contraband was in plain view; 3) the [accused's] proximity to and

the accessibility of the [contraband]; (4) whether the [accused] was

under the influence of narcotics when arrested; (5) whether the

[accused] possessed other contraband or narcotics when arrested; (7)

whether the [accused] attempted to flee; (8) whether the [accused]

made furtive gestures; (9) whether there was an odor of contraband;

(10) whether other contraband or drug paraphernalia were present;

(11) the [accused] owned or had the right to possess the place where the drugs were found; (12) whether the place where the [contraband] was found was enclosed; (13) whether the [accused] was found with a large amount of cash; and (14) whether the conduct of the [accused] indicated a consciousness of guilt, See, **Evans v. State**, 202 S.W.3d 158, 162 n. 12 (Tex. Crim. App. 2006)Evans, supra, n. 12; **Olivarez v. State**, 171 SW3d 283, 2914 (Tex.App.Houston [14th] 2005, no pet.); **Taylor v. State**, 106 SW3d 827 (Tex. App.-Dallas 2003, no pet.)

It is the logical force of such links, rather than merely quantity that is important in determining whether the evidence is sufficient to connect the accused to the alleged contraband. *Id*. at 162. The list of affirmative links is not exclusive. *Id*. Appellate courts do not balance the absent affirmative links against the affirmative links that are present. *See **Wiley v. State***, 388 S.W.3d 807, 815 (Tex. App. – Houston [1st Dist.] 2012, *pet. ref'd*). The number of these links, proved by independent facts, is less important than the logical force by which they tend to affirmatively link the accused to the contraband. **Taylor,** supra, at 831. Very few, if any,

11

of these factors are present in this case, and any that are have little or no "logical force" to link the appellant to the methamphetamine. Each of these factors will be examining in turn.

1. *The accused presence when search was conducted-* Appellant was present.

2. *Contraband in plain view:* It was not.

3. *Accused was the owner of premises:* It was an automobile, thus not applicable.

4. *Contraband accessible:* The drugs were found in different bags distributed throughout the vehicle. No contraband was found in the purse of the appellant (RR Vol 3, page 133.)Both occupants of the car had access to the bags.

4. *Found in close proximity:* Yes, but both occupants were in close proximity to the bags.

*5. Odor of methamphetamine:* There was none. While one officer said he smelled alcohol, there was no smell of methamphetamine.

*6. Paraphernalia in view or near Appellant:* None was in plain sight.

*7. The accused appeared to be a user:* There is no evidence to this point.

*8. Conduct indicating consciousness of guilt:* There is no evidence the appellant did anything indicating guilt.

*9. Connection between accused and contraband:* The contraband was found in the car where both occupants had been riding. No bag with contraband was linked to the appellant as her sole property.

*10. Place where found enclosed:* The contraband was found in bags, various different bags in the vehicle.

*11. Occupants gave conflicting statements as to relevant issues:* No evidence of that.

*12. Affirmative statements connecting Appellant to the drugs:* There are none.

*13. Large amounts of cash:* a fifty dollar bill, and a one dollar bill. (RR vol. 3, page 125)

*14. Flight or furtive gestures:* Not only is there no evidence of these factors, quite the opposite Appellant was very cooperative and gave her consent to search the vehicle.

## *Conclusion*

Appellant was not in exclusive possession of the contraband; Ms. Heintzlemann was merely found in close proximity to the contraband. Appellant was only a passenger in a vehicle that contained a controlled substance. Because Appellant was not in exclusive possession of the vehicle, additional facts and evidence must have been submitted to affirmatively **link**; Ms. Heintzlemann to the contraband. *See* **Roberson v. State**, 80 S.W.3d 730, 735 (Tex.App. - Houston [1st Dist.] 2002).

## Prayer

**WHEREFORE,** STEPHANIE MAIE HEINTZLEMANN prays that this court

reverse the judgment of the trial court and render a judgement of

acquittal in this case or enter such other orders as it finds just and

appropriate in keeping with its findings herein.

> Law Office of Alice E. Price
> 408 South Liveoak
> Lampasas, Texas 76550
> Tel/Fax 512-556-4777

> By: /s/ Alice E. Price
> Alice E. Price
> St Bar No. 00786177
> Attorney for Appellant

## CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH RULE 9

This is to certify that on November 20, 2015, a true and correct copy of the above and foregoing document was served on Gary Bunyard, Ass. District Attorney, Burnet County. P O Box 725 Llano, TX 78643, in accordance with the Texas Rules of Appellate Procedure, and that the Brief of Appellant is in

compliance with Rule 9 of the **Texas Rules of Appellate Procedure** and that portion which must be included under Rule 9.4(i)( 1) contains 13,799 words.

_/s/_ Alice E. Price _____
Alice E. Price