**AFFIRMED and Opinion Filed December 23, 2022**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

No. 05-21-00225-CR

**JOEL VEGA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-21-0015**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Goldstein

Appellant Joel Vega appeals his conviction for possession with intent to deliver a controlled substance, methamphetamine, in the amount of 4 grams or more but less than 200 grams, following a jury trial. In a single issue, he complains the evidence was insufficient to establish his guilt. For the reasons below, we affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

When determining whether there is sufficient evidence to support a criminal conviction, we consider the combined and cumulative force of all admitted evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a jury was rationally justified in

finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Winfrey v. State*, 393 S.W.3d 763, 771 (Tex. Crim. App. 2013). Although the State must prove that a defendant is guilty beyond a reasonable doubt, the State's burden does not require it to disprove every conceivable alternative to a defendant's guilt. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). In a sufficiency inquiry, direct evidence and circumstantial evidence are equally probative and circumstantial evidence alone can be sufficient to establish guilt. *Winfrey*, 393 S.W.3d at 771.

In July 2020, Rockwall police officers noticed a lone car sitting in an office building parking lot near I-30's intersection with Lake Ray Hubbard at around 7:15 a.m. Noting that no businesses there were open, that the car was parked not near any business, that the car was alone in the parking lot, and passing by it a third time, Officer Clayton Lamb conducted what he called a consensual contact. He said he introduced himself and Sergeant Brittany Layne, and said he wanted "just to make sure everything was okay or if they needed any assistance from us." The driver told Lamb he and the passenger, a woman, were there to watch the sunrise.

Both the driver, later identified as appellant Vega, and the passenger initially gave names that were not their own. After Officer Lamb noticed what he described as "marijuana shake," dried, shredded pieces of a green, leafy substance, he asked appellant to step out of the car. Sergeant Layne had the passenger step out as well. The passenger claimed ownership of the car and consented to a search.

During the search, officers found a black backpack in the driver's floorboard, where appellant had been sitting. The backpack contained a wallet with appellant's Texas identification card. In the backpack, there were ten baggies of a substance later analyzed and scientifically determined to be methamphetamine, and the total weight of methamphetamine in 4 of the 10 baggies that the State analyzed was 4.33 grams.

A person commits a first-degree felony if he knowingly possesses, with the intent to deliver, a controlled substance in the amount of 4 grams or more but less than 200 grams. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d). The State must prove, by direct or circumstantial evidence, that appellant exercised control, management, or care over the controlled substance, that he knew it was contraband, and that he intended to deliver the controlled substance to another. *Tate*, 500 S.W.3d at 413; *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). Mere presence at the location where drugs are found is insufficient, without more, to establish actual care, custody, or control of controlled substances. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). In that situation, reviewing courts look to "affirmative links" connecting a convicted person to the contraband to evaluate evidentiary sufficiency. *See Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006).

The Court of Criminal Appeals has identified a non-exclusive list of fourteen factors to consider, but "ultimately the inquiry remains that set forth in *Jackson*:

Based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Tate*, 500 S.W.3d at 414 (citing *Jackson*, 443 U.S. at 318–19). The factors are:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Tate*, 500 S.W.3d at 414 (quoting *Evans*, 202 S.W.3d at 162 n.12).

In this case, appellant was present during the search; he had been sitting in the driver's seat of the car immediately before officers found the backpack directly underneath where he sat. As noted, officers found 10 baggies of methamphetamine in the backpack. Officers found his identification card in the backpack, and we reject his argument that it "requires some conjecture to conclude the backpack" was his "except for his wallet contained with it." It is a reasonable inference from the evidence to conclude he possessed the backpack and its contents when considering all the evidence.

–4–

Officers found a scale in the backpack, a device commonly associated with distributing controlled substances due to its ability to accurately weigh small amounts of contraband for sale. They also found two packages of small empty baggies in the backpack, which, according to testimony, are "commonly used" to package controlled substances for distribution. And officers found several other types of controlled substances in the backpack, all of which could be fairly attributed to appellant. Also, appellant initially gave a false name, which courts have interpreted as an indication of consciousness of guilt. *See State v. Cruz*, 461 S.W.3d 531, 539 & nn. 35–36 (Tex. Crim. App. 2015).

Officer Steven Nagy testified, without being able to quote appellant's exact words, that appellant was "trying to distance himself from the drugs" in the car, "saying, since he didn't own the vehicle, he didn't have ownership of anything in the vehicle." Officer Nagy recalled that "he neither denied nor confirmed that it was his drugs" and "tried to have it both ways." Finally, Officer Jeff Ingalls testified the amount of drugs, combined with the multiple empty baggies and the scale indicate appellant possessed the methamphetamine with an intent to deliver.

Appellant argues the methamphetamine he was charged with was hidden in the backpack inside a metal container, and that the marijuana was also inside the backpack, all out of his view. He admits having access to the backpack and metal container but argues "his knowledge of that accessibility is a separate question and the primary issue." To the extent it is, if at all, the cumulative force of the evidence

sufficiently, though circumstantially, demonstrates his knowledge. *See Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App.1995) ("[T]he language of our cases which suggests that a hypothesis of ignorance must be specifically excluded in drug cases is misleading. It is really only another way of saying that hypothetical ignorance can be disproven with satisfactory evidence of actual knowledge.").

Appellant claims there was other methamphetamine found in the passenger door, not in his plain view, and that "only the passenger was charged possession of that small amount." He has not identified how this undercuts either the evidence supporting his possession or the evidence supporting the aggregate weight of the methamphetamine he was charged with possessing from the backpack. He also argues that the glass pipes found were not in plain view and that there was no evidence he drove to Rockwall, how long he was in the driver's seat, or what relationship he had with the car prior to police intervention. Appellant notes that evidence embracing several of the factors was not present, and suggests this absence compels reversal.

We do not "analyze[] each circumstance of guilt in isolation without considering the cumulative force of all of the evidence." *See Clayton v. State*, 235 S.W.3d 772, 778–79 (Tex. Crim. App. 2007). We consider the logical force of all of the admitted evidence in the light most favorable to the conviction, drawing all reasonable inferences from the evidence in favor of the jury's guilty verdict. *Tate*, 500 S.W.3d at 417. In doing so here, we conclude the jury was rationally justified in

finding guilt beyond a reasonable doubt because sufficient evidence affirmatively links appellant to the methamphetamine and because sufficient evidence establishes an intent to deliver. *See id.* at 413–14.

We overrule appellant's sole issue and affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
210225F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOEL VEGA, Appellant

No. 05-21-00225-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-21-0015.
Opinion delivered by Justice Goldstein. Justices Myers and Carlyle participating.

      Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 23, 2022