**AFFIRMED; Opinion Filed January 13, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00557-CR

### BLAKE AARON LAWSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-80093-14**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

Blake Aaron Lawson waived a jury and pleaded not guilty to possession of marijuana in an amount less than two ounces. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1) (West 2010). After finding appellant guilty, the trial court assessed punishment at 120 days' confinement in jail, probated for twelve months, and a $100 fine. In a single issue, appellant contends the evidence is legally insufficient to support his conviction. We affirm the trial court's judgment.

Jason Pruett, a McKinney police officer, testified that on September 11, 2013, he and another officer were parked at an apartment complex known for drug activity. Pruett saw a passenger car enter the complex followed by a Suburban. One individual exited the passenger car and got in the back seat of the Suburban. Pruett testified that when the vehicles entered the area, he ran their license plates on his patrol car's computer and learned neither vehicle was registered to an address at the complex or in that area of town. Pruett followed the Suburban. When he saw the Suburban fail to signal before turning, Pruett initiated a traffic stop. The videotape from Pruett's in-car camera was admitted into evidence.

Pruett testified that when he approached the Suburban, he noticed "multiple cigarettes thrown out the driver's side window or rear passenger window." There were four people in the Suburban: Lauren Barnett was in the driver's seat; an unidentified male was in the front passenger seat; Cody Noble, a known drug dealer, was in the back seat behind Barnett; and appellant was in the back seat behind the unidentified male. Pruett testified he ordered Barnett out of the vehicle. Barnett stated she was on probation for tobacco use, she and her mother owned the Suburban, and they purchased the vehicle four days earlier. Barnett gave Pruett consent to search the vehicle. When Pruett opened the door behind the driver's seat to order Noble out of the vehicle, he saw a pill bottle fall from Noble's lap onto the floor. Pruett grabbed the bottle and found a small bag of marijuana inside. Pruett testified that when he opened the bottle, the odor of marijuana was strong inside both the bottle and the Suburban.

Pruett testified that after he handcuffed Noble and appellant, for officer safety, he searched the back seat and found marijuana and a wooden pipe in the pocket on the back of the front passenger seat. Pruett testified the front seat had been pushed back, which would cause the

knees of whoever sat behind it to "practically touch" the pocket. Pruett estimated appellant had been sitting approximately ten inches away from the pocket. Pruett testified the pipe was "filled with marijuana, packed in and ready to smoke," and the two baggies found with the pipe contained 0.41 ounces of marijuana. Appellant said he did not know the marijuana and pipe were in the vehicle, and Noble said all the marijuana found in the vehicle was his. Appellant did not have any drugs or paraphernalia on his person. Pruett testified he arrested both Noble and appellant for possession of marijuana. Pruett further testified that based on his training and experience, he believed appellant had to know there was marijuana in the vehicle due to its odor. Pruett acknowledged that even though the bags of marijuana were in evidence bags, the odor was noticeable in the courtroom. Appellant did not present any evidence at the trial.

APPLICABLE LAW

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); Wise *v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

To support a conviction for possession of marijuana, the State is required to prove beyond a reasonable doubt that appellant exercised actual care, custody, control, or management over the marijuana and knew the material possessed was contraband. *See Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011). The State may prove this by linking appellant to the

crime. *See id*. These links may include, but are not limited to: (1) whether the drugs are in plain view; (2) the accused's proximity to and accessibility of the drugs; (3) whether other drugs or paraphernalia were present; (4) whether the place where the drugs were found was enclosed; and (5) whether the conduct of the accused indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). Links between appellant and the drugs may be established by either direct or circumstantial evidence. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). However, no set formula of facts exists to dictate a finding of links sufficient to support an inference of knowing possession. *See Taylor*, 106 S.W.3d 827, 830 (Tex. App.—Dallas 2003, no pet.). It is the logical force of the evidence, and not the number of links, that supports a fact finder's verdict. *See Evans*, 202 S.W.3d 158 at 166.

## DISCUSSION

Appellant contends the evidence is insufficient because there were three other individuals in the vehicle and he was not in exclusive control of the place where the drugs were found. Appellant asserts there is no evidence showing he had knowledge of or control over the marijuana, the drugs were not in plain view, and there were no drugs found on his person. The State responds that the evidence is sufficient to show appellant knowingly possessed the marijuana.

The evidence shows several links between appellant and the marijuana. Appellant and Noble, a known drug dealer, sat in the back seat of the vehicle where drugs were found. The drugs were in a pocket on the back of the front passenger seat; appellant was sitting behind the front passenger seat while Noble was sitting behind the driver's seat. Appellant was within reach of and had easy access to the marijuana. Moreover, a rational trier of fact could reasonably believe appellant could smell the odor of marijuana inside the vehicle due to the fact that

comments at trial indicated the odor of the marijuana was detectable in the courtroom while still in the evidence bags.

Viewing the evidence under the proper standard, we conclude a rational trier of fact could find beyond a reasonable doubt that appellant knowingly and intentionally possessed the marijuana. Thus, the evidence is sufficient to sustain appellant's conviction. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140557F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BLAKE AARON LAWSON, Appellant

No. 05-14-00557-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law
No. 5 of Collin County, Texas (Tr.Ct.No.
005-80093-14).
Opinion delivered by Justice Stoddart,
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered January 13, 2015.